DYNAMIC MANUFACTURERS, INC., *v.* EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—DISQUALIFICATION FOR BENEFITS— PICKET LINE—FINDINGS OF REFEREE—APPEAL BOARD—CIRCUIT COURT.

Findings of referee, affirmed by the appeal board of the employment security commission, that claimants who had been laid off for lack of work, then recalled, and when reporting for work the next day were confronted with a picket line at which there was violence and from which they feared personal harm were they to cross it, were not disqualified for unemployment compensation benefits either for failure to accept suitable work or because of existence of labor dispute *held,* not subject to reversal by circuit court on certiorari, since it was not contrary to the great weight of the evidence (CLS 1956, §§ 421.29, 421.38).

REFERENCES FOR POINTS IN HEADNOTE

48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.

Construction and application of provisions of unemployment compensation or social security acts regarding disqualification for benefits because of labor disputes or strikes.  28 ALR2d 287.

Circumstances of leaving employment, availability for work, or nature of excuse for refusing re-employment as affecting right to social security or unemployment compensation.  158 ALR 396, 165 ALR 1382.

Appeal from Oakland; Beer (William John), J. Submitted December 7, 1962. (Calendar Nos. 115, 116, Docket Nos. 49,479, 49,604.) Decided March 8, 1963.

Writs of certiorari by Dynamic Manufacturers, Inc., a Michigan corporation, against the Michigan Employment Security Commission, its appeal board, and Vernon Mason and Harold Sutherby, claimants, to review awards of unemployment compensation granted because claimants feared to cross picket lines during labor dispute. From orders setting aside awards, claimants appeal. Reversed, with awards of unemployment compensation approved, and causes remanded for order dismissing writs.

*Christian F. Powell,* for plaintiff.

*Zwerdling, Zwerdling & Klimist,* for defendants Mason and Sutherby.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for defendant appellee Employment Security Commission, asking reversal.

Black, J. Appellant Mason was employed by appellee Dynamic on January 27, 1960. Appellant Sutherby was employed by appellee Dynamic on December 7, 1959. Mason was laid off, "for lack of work," February 8, 1960, and Sutherby for the same reason February 9, 1960. February 15, 1960, a labor dispute arose at Dynamic with immediate work stoppage and picketing. The dispute with picketing continued until May of 1960. February 16th Dynamic sent letters to all laid-off employees, instructing them to report for work immediately. February 17th Mason and Sutherby returned to the

plant for work as notified. However, as testified by them and found by the hearing referee, each was deterred from crossing the picket line by threats of violence and fear of personal harm.

February 23d Dynamic filed a bill in the Oakland circuit upon which an injunction was issued, restraining violence and interference with employee ingress and egress at Dynamic's plant. A petition for order holding certain unions and persons in contempt, alleging violation of the injunction, was filed by Dynamic March 14th. The petition alleged violence and interference with work-seeking employees.

The plant operated at about 45% capacity during the dispute. Some employees crossed the picket line during the dispute. Mason and Sutherby did not. Sutherby was a union member. Mason was not.

Mason and Sutherby filed for unemployment benefits, assigning their respective layoffs. The hearing referee, having found the essential facts, ruled that neither section 29, subd (1) (a) (5), nor section 29, subd (1) (b), of the act (CLS 1956, § 421.29 [Stat Ann 1960 Rev § 17.531]) disqualified Mason or Sutherby from benefits as sought. The appeal board affirmed. Judge Beer, of the Oakland circuit, reversed, holding that "picketing must always be peaceful" and:

"Therefore, it is lawful and realistic to hold the issuance of a temporary injunction should guarantee the safe passage of any worker to his employment irrespective of the existence of picketing. This State by its laws assures the personal safety and security of any person desiring to work. Those who man picket lines are not exempt from the application of this law. They must act peaceably. Section 29, subd (1) (a) has no application."

The attorney general, appearing for the employment security commission, says in his brief:

"Whether there was violence on the picket line and whether the claimants were fearful of crossing the picket line because of violence or the threat of violence presents a pure question of fact and nothing more. The determination of this issue involves the weighing of evidence and the credibility of the claimants. This function rests with the trier of the facts. The referee heard the witnesses, weighed the evidence, and found that the claimants refused to cross the picket line because they actually feared that they would subject themselves to physical harm. The record fully supports these findings of the referee, and the appeal board was completely warranted in accepting such findings."

We agree. The slow—and even if sure—enforcement of injunctive process will not replace broken teeth. Neither will it cure the pain or effect of a kidney punch. Whether the refusal of appellants to cross the picket line disqualified them under section 29 was a question for administrative, rather than judicial, determination.

The circuit court, reviewing solely within the limitations of certiorari, should have affirmed the administrative findings in each instance. That court, like this Court, is bound by the rule (recently quoted with approval in *Bedwell* v. *Employment Security Commission,* 367 Mich 415, 422, and in *Booker* v. *Employment Security Commission,* 369 Mich 547), which limits narrowly the scope of judicial review of administrative decisions. The rule originated with *Mississippi·Valley Barge Line Co.* v. *United States,* 292 US 282, 286 (54 S Ct 692, 78 L ed 1260); followed in *Rochester Telephone Corp.* v. *United States,* 307 US 125 (59 S Ct 754, 83 L ed 1147), and *Jerry McCarthy Highland Chevrolet Co.* v. *Revenue Department,* 351 Mich 558, 566. In the *Rochester Telephone Case* Mr. Justice Frankfurter wrote, for the court (p 146):

"Having found that the record permitted the commission to draw the conclusion that it did, a court travels beyond its province to express concurrence therewith as an original question. 'The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.' *Mississippi Valley Barge Line Co.* v. *United States,* 292 US 282, 286, 287 (54 S Ct 692, 78 L ed 1260, 1264, 1265) ; *Swayne & Hoyt* v. *United States,* 300 US 297, 303 *et seq.* (57 S Ct 478, 81 L ed 659, 664)."

The orders below are reversed and the cases are remanded for entry of new orders dismissing both writs of certiorari. Costs should be allowed to appellants.

SOURIS, J. (*concurring in reversal and remand*). The referee and appeal board found as a fact that claimants refused to cross the picket line because of violence or the threat of violence. That factual finding was not against the great weight of the evidence. CLS 1956, § 421.38 (Stat Ann 1960 Rev § 17.540). Having so found, the referee and appeal board correctly concluded that neither of the asserted disqualifying provisions of the act was legally applicable. I concur in reversal and remand.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, and OTIS M. SMITH, JJ., concurred with SOURIS, J.

O'HARA, J., took no part in the decision of this case.