INDUSTRO-MOTIVE CORPORATION *v.* WILKE.

1. UNEMPLOYMENT COMPENSATION—COURTS—GREAT WEIGHT OF EVIDENCE.

A decision of the Michigan employment security commission appeal board may be reversed by the circuit court on a question of fact only if such decision is contrary to the great weight of the evidence (CLS 1961, § 421.38).

2. ADMINISTRATIVE LAW AND PROCEDURE—TEST OF EVIDENCE—JUDICIAL REVIEW.

The statutory test of evidence presented to an administrative agency, which exceeds the minimum requirements of the Constitution, will be applied by a court when reviewing the determination of the administrative agency (Const 1963, art 6, § 28).

3. UNEMPLOYMENT COMPENSATION—ADMINISTRATIVE LAW AND PROCEDURE—TEST OF EVIDENCE.

The determination of the employment security commission appeal board must be found by a circuit court to be contrary to the great weight of the evidence before it may be reversed by the court, such test of the evidence being in excess of the test provided by the Constitution that there be competent, material, and substantial evidence on the whole record in support of the administrative agency (Const 1963, art 6, § 28; CLS 1961, § 421.38).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 49.
[2] 2 Am Jur 2d, Administrative Law §§ 610–612.
[3] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds §§ 43, 44, 46, 49.
[4] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 2.
[5] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 15.
[6] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds §§ 46, 49, 50.

4. SAME—CONSTRUCTION OF STATUTES.

Social legislation includes unemployment compensation legislation as well as workmen's compensation legislation.

5. SAME—TEST OF LIABILITY FOR COMPENSATION—CONSTRUCTION OF STATUTES.

Whether one is subject to the control of an employer, within the meaning of the unemployment compensation act, is determined not by the common-law test of "control," but that of economic reality, with the ultimate fact being a determination of whether the relationship is of the type to be protected (CLS 1961, § 421.42).

6. SAME—COURTS—GREAT WEIGHT OF EVIDENCE.

Circuit court reversal of employment security commission appeal board decision, awarding unemployment benefits to claimant, *held*, error, where such decision was not contrary to the great weight of the evidence (CLS 1961, § 421.38).

Appeal from Wayne; Weideman (Carl M.), J. Submitted Division 1 February 7, 1967, at Detroit. (Docket No. 2,165.) Decided May 23, 1967.

Carrol F. Wilke applied for unemployment compensation benefits against Industro-Motive Corporation. Benefits granted by the commission. Industro-Motive appealed. The hearing referee reversed the decision of the commission. Carrol F. Wilke appealed. Employment Security Commission Appeal Board reversed the referee. Industro-Motive appealed to the circuit court which reversed, reinstating the decision of the referee. Carrol Wilke appeals. Reversed for reinstatement of the decision of the appeal board.

*Dee Edwards,* for plaintiff.

*Carrol F. Wilke, in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard I. Rubin,*

Assistant Attorney General, for Employment Security Commission.

QUINN, J. This appeal is from a judgment of the Wayne county circuit court which reversed the decision of the Michigan employment security commission appeal board granting defendant benefits under the act.[1] The question involved is: was the decision of the Michigan employment security commission appeal board that the services defendant performed for plaintiff constitute "employment" within the meaning of the act contrary to the great weight of the evidence?

Defendant is a designer of model automobiles. In June 1963, he and plaintiff entered into an oral agreement under which defendant was to develop and construct models from which plaintiff could manufacture toy kits of model cars. Defendant was paid $150 per week. He worked at home in his basement with his tools, but plaintiff reimbursed him for material used. In February 1964, the parties agreed to develop a model of the Cougar. Thereafter they made a written contract dated March 1, 1964, and signed sometime in April 1964, under which defendant agreed to create and design kits for plastic scale models to be agreed on by plaintiff and defendant, and to complete design within 60 days of such agreement. Plaintiff agreed to pay defendant 1 cent per kit royalty on all kits sold after March 1, 1964, in addition to the salary of $150 per week. The contract contained a provision for termination on 90 days written notice by either party, and some other provisions not pertinent to decision here. When plaintiff did not receive the Cougar model by June, it notified defendant the finished model had to be completed in a week, and when defendant failed

---

[1] CL 1948, § 421.1 et seq., as amended (Stat Ann 1960 Rev § 17.501 et seq., as amended).

to comply with this notice, plaintiff stopped paying his salary on June 20, 1964.

August 28, 1964, defendant filed a benefit claim which was eventually denied by a referee on the basis defendant was not in employment within the meaning of the act, and the remuneration defendant received for his services was not wages within the meaning of the act. The basis for this holding was the referee's finding that, on the evidence before him, defendant was not under the control or direction of plaintiff under the contract or in fact, and an employer-employee relationship was not established. On appeal, the appeal board came to a contrary conclusion and found defendant was in employment and his remuneration was wages under the act and awarded benefits. On appeal to circuit court, the trial judge held the decision of the appeal board was contrary to the great weight of the evidence and reversed the appeal board.

Section 38 of the act, CLS 1961, § 421.38 (Stat Ann 1960 Rev § 17.540), provides the test to be applied by the circuit court in reviewing questions of fact in decisions by the appeal board, as follows:

"but said court may reverse such decision of said appeal board upon a question of fact only if it finds that said decision of the appeal board is contrary to the great weight of the evidence."[2]

That this language means what it says see *Booker v. Employment Security Commission* (1963), 369 Mich 547, and *Dynamic Manufacturers, Inc., v. Employment Security Commission* (1963), 369 Mich 556. Our problem is to determine whether this record supports the circuit court's holding that the decision

---

[2] We adopt the statutory test instead of the test provided in Const 1963, art 6, § 28, for the reason that the "contrary to the great weight of the evidence" test exceeds the minimum requirements of the constitutional test.

of the appeal board with respect to defendant being in employment was contrary to the great weight of the evidence.

The act defined employment in section 42, CLS 1961, § 421.42 (Stat Ann 1960 Rev § 17.545) as:

"(1) Subject to the other provisions of this section 'employment' means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied. * * *

"(6) Services performed by an individual for remuneration shall not be deemed to be employment subject to this act, unless such individual is under the employer's control or direction as to the performance of his services both under his contract for hire and in fact."

By adoption of Justice Talbot Smith's dissent in *Powell* v. *Employment Security Commission* (1956), 345 Mich 455, 462 (see *Tata* v. *Muskovitz* [1959], 354 Mich 695, and *Goodchild* v. *Erickson* [1965], 375 Mich 289), our Supreme Court has abrogated the use of the common-law definition of "control" in interpreting social legislation, which we hold includes employment security legislation as well as workmen's compensation legislation. Control in the sense of right to control (see majority opinion in *Powell, supra*) is only one of many factors to be considered. Now

"The test employed is one of economic reality. It looks at the task performed, whether or not it is part of a larger common task, 'a contribution to the accomplishment of a common objective.' (Citing authority.) The test is far from the common-law test of control, since 'the act concerns itself with the correction of economic evils through remedies which were unknown at the common law.' (Citing authority.) The test, rather, looks at the workmen, to see

whether or not their work can be characterized 'as a part of the integrated unit of production' (citing authority), and whether 'the work done, in its essence, follows the usual path of an employee.' (Citing authority.) In applying such test, control is only one of many factors to be considered. The ultimate question is whether or not the relationship is of the type to be protected. This is a matter of fact, not of terminology." (See Justice SMITH's dissent in *Powell, supra,* pages 478 and 479.)

Applying this test to this record we hold the circuit court erred in its finding that the decision of the appeal board was contrary to the great weight of the evidence.

Reversed and decision of appeal board reinstated, with costs to defendant.

LESINSKI, C. J., and BURNS, J., concurred.