LASHER v MUELLER BRASS COMPANY

OPINION OF THE COURT

1. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION—SUITABLE WORK—STATUTES.

A claimant for unemployment compensation is disqualified for benefits where he fails without good cause to accept suitable work which is offered to him; the factors to be considered in determining the suitability of work are the degree of risk to the claimant's health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence (MCLA 421.29[1] [e], [6]).

2. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMIS-SION—APPEAL BOARD—FINDING OF FACT—APPEAL AND ERROR—STATUTES.

A finding of the Employment Security Commission Appeal Board that a claimant is disqualified for unemployment compensation is a determination of fact and must be affirmed on appeal if supported by competent, material and substantial evidence (MCLA 421.38).

3. UNEMPLOYMENT COMPENSATION—SUITABLE WORK—EVIDENCE—STATUTES.

The determination as to whether work offered to a claimant for unemployment compensation was suitable must be confined to the time at which the offer was made; therefore, a claimant's statement to his employer that he would accept any available job was not competent evidence to show the suitability of a job previously offered to the claimant where the statement was made one week after the job was offered (MCLA 421.29).

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 76 Am Jur 2d, Unemployment Compensation § 68 *et seq.*
[4] 76 Am Jur 2d, Unemployment Compensation § 32 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error §§ 901, 902.
[7] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

4. Unemployment Compensation—Burden of Proof—Disqualifica-
    tion—Eligibility.
    The burden of proving disqualification of a claimant for unem-
    ployment compensation is on the employer, and the burden of
    proving eligibility for benefits rests upon the claimant.

5. Unemployment Compensation—Disqualification—Suitable
    Work—Offer of Work—Refusal—Good Cause.
    The Employment Security Commission Appeal Board in deter-
    mining whether a claimant for unemployment compensation is
    disqualified by his refusal of work offered must first determine
    if the work offered was suitable and then, if necessary, make a
    finding as to whether the claimant failed without good cause to
    accept the offered work; an offer of work is not presumed to be
    suitable merely because it is offered.

Dissent by O'Hara, J.

6. Appeal and Error—Equally Divided Court—Precedent.
    A decision by an equally divided Supreme Court is the law only
    for the case in question and has no other precedential author-
    ity, and a Supreme Court decision with separate opinions is
    also of no precedential value where, although there was agree-
    ment in reversing the trial court, there was no majority agree-
    ment on any of the issues raised.

7. Unemployment Compensation—Employment Security Appeal
    Board—Administrative Law—Review.
    A holding that a claimant for unemployment compensation is
    disqualified for benefits should be affirmed where there is
    testimony to support the holding and the court is not bound by
    case law to reach a different result.

Appeal from St. Clair, Stanley C. Schlee, J.
Submitted Division 2 April 8, 1975, at Detroit.
(Docket No. 15304.) Decided June 23, 1975.

Claim by Gary H. Lasher against Mueller Brass
Company and the Employment Security Commis-
sion for unemployment compensation. Benefits de-
nied by the Employment Security Commission
Appeal Board. Plaintiff appealed to circuit court.
Affirmed. Plaintiff's application for leave to appeal
denied by the Court of Appeals. Plaintiff appealed

to the Supreme Court which remanded to the
Court of Appeals for consideration as on leave
granted. 392 Mich 488 (1974). Reversed and re-
manded to the appeal board.

*John A. Fillion* and *Jordan Rossen (Edwin G.
Fabré, Leonard R. Page, Anne Trebilcock, Marley
Weiss,* and *M. Jay Whitman,* of counsel), for plain-
tiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Felix E. League,*
for the Employment Security Commission.

Before: R. B. BURNS, P. J., and M. J. KELLY and
O'HARA,* JJ.

M. J. KELLY, J. Plaintiff appeals a determination
of disqualification of unemployment benefits. At
the original hearing the commission referee held
claimant disqualified. This finding was affirmed by
the appeal board and reaffirmed on appeal to the
circuit court. After a procedural skirmish we were
ordered by the Supreme Court to consider plain-
tiff's appeal from the circuit court as on leave
granted. See *Lasher v Mueller Brass Co,* 392 Mich
488; 221 NW2d 289 (1974). Plaintiff cites 11
claimed instances of reversible error; defendant's
counter-statement lists two issues. We reverse for
errors of law on the two main issues and remand
to the appeal board.

The plaintiff was first hired on October 22, 1968
as a "finished line operator". Before being laid off
on May 8, 1970, he went through three changes of
job title with at least one and possibly two changes
of job classification. On the last day of work, May

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

8, 1970, he was classified "center list grinder, set-up service and operator". At the time of layoff claimant was earning $3.54 per hour.

On July 6, 1970 defendant Mueller Brass Co. offered plaintiff a job classified as janitor in a different department at a rate of pay of $2.80 per hour, a wage differential of $.74 an hour.

When the plaintiff conferred with the Mueller personnel manager at about 9:15 a.m. he was told that he had until 10 a.m. to accept the offer or to quit. At the moment of decision plaintiff, his union representative and defendant Mueller's personnel manager all expected that he would be recalled to his old job within one or two weeks. In fact he subsequently was called back to his old job two weeks later on July 20, 1970.

On July 6th, however, plaintiff refused the janitor job. This refusal was partly based upon the personnel manager's advice that refusal would only jeopardize his unemployment benefits for the period of one week. He testified:

"* * * I didn't want nothing that was going to hurt my job * * * or any chance of being called back or anything else.

* * *

"I was pending recall to my home department before long anyway—

"*Referee:* Okay.

"*Claimant:* And then [inaudible] if I returned within the following week with a statement saying I would accept any work available, and that—it wouldn't hurt my, you know, unemployment part and—

"*Referee:* It would or would not hurt?

"*Claimant:* It would not affect it. Only for the only week. It'd only, you know, mess it up for the one week. That's if I came in with a statement the following week, and which I did."

The plaintiff refused the job on July 6th and then on July 13th, one week later, affirmatively notified the company in writing that he would take any work available. On July 16th he was told to report back to his regular department on July 20th which he did, but was again laid off on August 3, 1970 due to lack of work.

1. Did the MESC Appeal Board err, as a matter of law, by basing its decision on the suitability of the janitorial job offered July 6th on the letter of July 13th indicating plaintiff's willingness to accept any work?

2. Did the referee and appeal board err in failing to place the burden of proof upon the defendant-employer as to disqualification?

We answer both questions in the affirmative.

The dispute centers around § 29 of the Michigan Employment Security Act (MESA), MCLA 421.29; MSA 17.531. It is clear, and the appeal board and referee so found, that if plaintiff is not disqualified by reason of § 29, then he is entitled to the full statutory benefits. In particular, the appeal board held that plaintiff was disqualified by reason of § 29(1)(e) which provides:

"An individual shall be disqualified for benefits in all cases in which he * * * [h]as failed without good cause to accept suitable work when offered him * * * ."

It is apparent that, to find an employee disqualified, the MESC must first find that the offered work was "suitable". If so, the question of "good cause" arises. *Chrysler Corp v Losada,* 376 Mich 209, 213; 135 NW2d 897, 898 (1965). The factors to be considered in passing on suitability are set forth in § 29(6):

"In determining whether or not any work is suitable

for an individual, the commission shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

Defendants assert that the disqualification was determined as a matter of fact and if supported by competent, material and substantial evidence, then it must be affirmed. MCLA 421.38; MSA 17.540. *Dynamic Manufacturers, Inc v Employment Security Commission,* 369 Mich 556; 120 NW2d 173 (1963). Defendant's general proposition of law is correct but here the appeal board relied on incompetent evidence. Only two members of the appeal board participated in the decision [Mr. O'Rourke disqualified himself, see *Hickson v Chrysler Corp,* 50 Mich App 244; 213 NW2d 213 (1973), *lv grtd,* 391 Mich 812 (1974)] and both relied on the July 13th statement by the employee that he would take any position available as determining that the July 6th job was "suitable". We believe that the plain meaning of the statute is that the determination as to whether the work was suitable or not must be confined to the time at which the offer was made, *i.e.,* July 6, 1970. One of the members of the appeal board stated that he was particularly impressed by the fact that the claimant had, one week subsequent to his rejection of the offer of employment, informed the employer that he would take any job. The other member stated that he felt the discrepancy of the wages was sufficient to constitute good cause for the claimant's rejection but held that the July 13th offer to accept any job by the employee rendered

his rejection of July 6th improper as being without good cause.

In the circuit court review the only issue dealt with was whether there was competent and substantial evidence to support the finding of the referee and the affirmance by the appeal board. The court did not examine the question of whether the proper standard of law was applied.

The only evidence in the record is that the plaintiff submitted the letter of July 13th at the request of the Mueller personnel manager to avoid jeopardizing his unemployment compensation benefits. Further, that this was done as an expedient to avoid any jeopardy to recall to the job held when laid off. Since we feel the board applied an improper standard in determining suitability, we reverse. This is not a reversal on a question of fact as we find the referee and the appeal board applied an improper standard as a matter of law. A thorough dissertation of the propositions involved is contained in the divided opinion of the Supreme Court in *Keith v Chrysler Corp,* 390 Mich 458; 213 NW2d 147 (1973).

On remand we suggest to the appeal board the merit of the reasoning in *Keith, supra,* that the burden of proving disqualification is on the defendant. There is no question of eligibility here, which burden of proof rests upon the claimant, as he was at all times found eligible and satisfied his burden thereon. We instruct the appeal board to first determine if the work offered was suitable and then to determine the question of good cause, if necessary. See *Chrysler Corp v Losada, supra,* at 213:

"It seems patent that the first issue which must be determined is whether the work offered was suitable. If the work is found to be not suitable, there is no neces-

sity to make a finding as to whether claimant failed
without good cause to accept such work. If, on the other
hand, work offered is found to be suitable then the issue
of good cause must be determined."

There is confusion in the referee's and in the
appeal board's hearings as to the suitability of the
work. An offer of work cannot be presumed to be
suitable merely because it is offered. On remand
we hold that the burden of proving suitability is
on the employer.

The decision of the circuit court is vacated and
reversed.

The decision of the appeal board is reversed. The
record is remanded to the appeal board for further
proceedings, with instructions to take such addi-
tional evidence, and make such findings, as are
required consistent with this opinion.

R. B. BURNS, P. J., concurred.

O'HARA, J. *(dissenting)*. I find it necessary to
disagree with the majority. The reason is simply
that the two cases cited as the basis for reversal
simply do not hold what my colleagues say they
do. This error is easily made unless the signatures
of the participating Justices in both *Losada*[1] and
*Keith*[2] are counted with mathematical precision
and exactly what each signing Justice held is
examined with microscopic care.

*Keith* is precedential authority for nothing. It is
a 3-to-3 opinion and is the law only for *that* case.
(Justice LEVIN did not participate.) Hence I find
the majority's reliance thereon misplaced.

*Losada* requires even closer scrutiny. There were
four opinions in *Losada*. What Judge KELLY quotes
therefrom as authority for the finding that the
first issue to be determined is whether the work

---

[1] *Chrysler Corp v Losada,* 376 Mich 209; 135 NW2d 897 (1965).

[2] *Keith v Chrysler Corp,* 390 Mich 458; 213 NW2d 147 (1973).

was "suitable", and then only can the issue of "good cause" be considered and determined as a fact issue, collected only three signatures, Justices T. M. KAVANAGH, ADAMS and SMITH.

Justice SOURIS wrote a separate opinion and held point blank:

"As to the issue of good cause, however, it is an issue of law, in my view." *Losada* at 218.

He voted to remand for further testimony.

Justice BLACK wrote separately and held that none of his colleagues wrote to the issue raised by the appeal. While his opinion did, as I read it, advert to the issue of "good cause" as being one of fact, the precise holding is that since there was testimony to support the appeal board's decision he felt obligated to reverse the trial judge who had set aside the decision of the board. The former Justice did not, as such, discuss the issue of "suitable work".

Justices O'HARA, DETHMERS and KELLY held that there was no necessity for further testimony and joined in a finding that the appeal board " 'committed an error, in law' ". 376 Mich at 224.

Thus again this case is at best a judicial standoff[3] and its effect was merely to reverse the trial court, but without majority agreement on any of the issues raised. It is of no precedential value.

Thus not being bound by any of the decisional excerpts from *Losada* or *Keith* and finding testi-

---

[3] Out of the eight members of the Court present and voting only four (the signatories to the SMITH opinion plus Justice SOURIS) found that the issue of suitable work was an issue of fact to be determined at the outset and only four Justices (those who signed the opinion authored by Justice SMITH in addition to Justice BLACK) held that "good cause" was an issue of fact.

mony to support the holding of the administrative judge and the appeal board, it is my view that we are obligated to affirm the trial judge and I so vote.