## HICKSON v CHRYSLER CORPORATION

Docket No. 55498. Argued November 7, 1974 (Calendar No. 8).—
Decided September 8, 1975. Rehearing denied 395 Mich —.

Joseph R. Hickson, an employee of Chrysler Corporation, was laid off on June 12, 1970, and returned to work on August 3, 1970. The employer had characterized the layoff as permanent. Hickson received 28 days vacation pay from his employer in accordance with the Chrysler-UAW contract. The Employment Security Commission determined that since Hickson had received 28 days vacation pay, he was ineligible for benefits during the period of June 14 through July 25, 1970. The appeal board affirmed. Both the Macomb Circuit Court, Howard R. Carroll, J., and the Court of Appeals, V. J. Brennan, P. J., and Holbrook and Van Valkenburg, JJ., affirmed (Docket No. 13444). Plaintiff appeals. *Held:*

1. Chrysler had authority under the employment agreement to designate vacation pay to the layoff period.

2. The receipt of unused vacation credit accrued up to the time of the layoff was not receipt of termination, separation, severance, or dismissal allowances and bonuses within the meaning of the proviso of the Employment Security Act that such payments are not deemed to be wages or remuneration rendering an employee ineligible for unemployment benefits.

50 Mich App 244; 213 NW2d 213 (1973) affirmed.

1. UNEMPLOYMENT COMPENSATION—VACATION—LAYOFF—EMPLOY-
MENT CONTRACT.

An employer was authorized to designate pay for a vacation to a layoff period so that an employee would be ineligible for unemployment compensation where the employment contract provided for such designation of vacation pay because the Employment Security Act provides that the period to which disqualifying payments are to be allocated may be designated in the employment contract or agreement (MCLA 421.48).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 76 Am Jur 2d, Unemployment Compensation §§ 79, 86.
Right to unemployment compensation as affected by vacation or holiday or payment in lieu thereof. 30 ALR2d 366.

2. UNEMPLOYMENT COMPENSATION—VACATION—LAYOFF.

> The fact that the period designated for the allocation of vacation pay or credits came during a layoff in itself offers no obstacle to treating these payments as disqualifying remuneration under the Employment Security Act because the employer may lawfully designate a vacation period during a layoff (MCLA 421.48).

3. UNEMPLOYMENT COMPENSATION—VACATION—LAYOFF—EMPLOYMENT CONTRACT.

> "Vacation credits" paid to an employee at the time of layoff in accordance with an employment contract were not "termination allowances" because the express language of the Employment Security Act contemplates that an employee may receive pay for a vacation after he has been indefinitely laid off (MCLA 421.48).

*John A. Fillion* and *Jordan Rossen (Edwin G. Fabré, Leonard Page,* and *M. Jay Whitman,* of counsel), for plaintiff.

*Clifford L. Johnson,* for defendant Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

WILLIAMS, J. The instant proceeding is the second of two Michigan Employment Security Act (MESA)[1] cases, argued together, which concern whether a defendant employer successfully has disqualified plaintiff employees for unemployment compensation in accordance with MESA § 48.[2]

In the first action, *Brown v LTV Aerospace Corp,* 394 Mich 702; 232 NW2d 656 (1975), we held that an employer may designate a vacation period during a time of layoff but remanded to the appeal

[1] MCLA 421.1 *et seq.;* MSA 17.501 *et seq.*
[2] MCLA 421.48; MSA 17.552.

board for consideration whether the employer made an effective designation.

We find in the present action that the defendant, Chrysler Corporation, had the authority to designate the period for allocation of vacation pay to a time of layoff, such designation being provided for in § 90(b) of the employment agreement. We further hold that the receipt of unused vacation credit accrued in 1969 and 1970 up to the time of the layoff was not "termination, separation, severance or dismissal allowances, and bonuses" within the meaning of the proviso to § 48.

## I —FACTS

Plaintiff had been an employee of Chrysler Corporation, defendant-appellee, for 11 years when he was laid off from work on June 12, 1970. Although he returned to work on August 3, 1970, the employer at the time of the layoff had characterized it as permanent. Soon after being laid off plaintiff received 28 days vacation pay from his employer in accordance with a Chrysler-UAW contract. The 28 days pay was comprised of (1) 17-1/2 days vacation credit accrued in 1969 which prior to the layoff plaintiff and his employer had agreed the plaintiff would take between July 6 and July 29 and (2) 10-1/2 vacation days accrued in 1970 up to the time of the layoff which normally would not have been taken until 1971.

On June 15, 1970 Hickson applied for unemployment compensation benefits. Eight days later and 11 days after the layoff Chrysler notified the MESC, in response to an inquiry by the commission, that "[v]acation pay for 28 days was allocated to [the plaintiff for] the period from 6/15/70 thru 7/22/70". The commission determined that since Hickson had received 28 days vacation pay, he was

ineligible for benefits during the period June 14 through July 25, 1970. Hickson appealed to a referee from this determination.

On January 13, 1971 the referee issued his final decision concluding that the plaintiff was ineligible for benefits only during the period July 5 to August 1, 1970—roughly the period plaintiff had originally planned to take as a vacation. Chrysler appealed this decision to the appeal board which reinstated the dates of ineligibility to cover June 14–July 25, 1970. The appeal board's decision was affirmed by both the Macomb Circuit Court and the Court of Appeals. 50 Mich App 244; 213 NW2d 213 (1973). We granted leave on April 18, 1974. 391 Mich 812.

## II —CHRYSLER WAS AUTHORIZED BY EMPLOYMENT AGREEMENT TO DESIGNATE PERIOD FOR ALLOCATION OF VACATION PAY

Whether Chrysler was authorized to designate a period for allocation of vacation pay during a layoff period such that the plaintiff employee would be ineligible for unemployment compensation requires an examination of both § 48 of the MESA and relevant portions of the Chrysler/UAW employment agreement. Section 48 provides in pertinent part:

"An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no remuneration is payable to him.

\* \* \*

"All amounts paid to a claimant by an employing unit or former employing unit for a vacation or a holiday \* \* \* shall be deemed remuneration in determining whether an individual is unemployed under this

section * * * for the period designated by the contract or agreement providing for the payment, or if there is no contractual specification of the period to which such payments shall be allocated, then for the period designated by the employing unit or former employing unit * * * ."

Section 48 provides that the period to which disqualifying payments are to be allocated may be designated in one of two fashions: (1) the "designation may be made in the employment contract or agreement", but if it is not then (2) the employer has the authority to make such a designation.

In this case there can be no question that the Chrysler/UAW contract provided for the designation of the period for allocation of vacation pay. Section 90(b) of the agreement pertinently reads:

*"If a salaried employee is laid off,* separated for a leave of absence for military service, or retires or dies, he, or his estate in the case of his death, *will receive any unused vacation credit, including that accrued in the current calendar year,* provided however, that a salaried employee laid off for a short period of time of known duration or temporarily separated will not automatically receive any unused or accrued vacation credits at the time of layoff or temporary separation." (Emphasis added.)

This provision provides for the designation of a period for the allocation of unused vacation credit accrued from the prior year as well as during the year of the layoff to a portion of the layoff period.[3]

The fact that the period designated for the allocation of vacation pay or credits came during

---

[3] The portion of the layoff covered by the allocation logically would be from the first working day of the layoff through the number of working days corresponding to the number of days for which vacation credits had been paid at time of layoff.

the layoff in itself offers no obstacle to treating these payments as disqualifying remuneration under § 48. As we held in *Brown, supra,* "the employer may lawfully designate a vacation period during a layoff" citing *Malone v Employment Security Commission,* 352 Mich 472; 90 NW2d 468 (1958). (See also discussion of this issue in part III of this opinion.)

As the designation at issue in this case was made in the employment agreement, the employee was aware beforehand that in the event of a layoff his vacation pay would be allocated to the layoff period. This is unlike the situation in *Brown, supra,* where the employer attempted to allocate pay previously received on the employees' anniversary dates to a portion of the layoff period apparently without giving the employee any prior notice, contractual or otherwise.

### III —The Receipt of "Vacation Credits" Paid at the Time of Layoff in Accordance With § 90(b) of the Chrysler/UAW Contract were not "Termination Allowances"

Included in § 48 of the MESA is a proviso which sets forth a category of payments received by the employee which are not to be treated as "remuneration". This portion of § 48 provides:

"payments in the form of termination, separation, severance or dismissal allowances, and bonuses, shall not be deemed wages or remuneration within the meaning of this section."

Thus, even where an employer has the authority to designate a period for the allocation of funds, the question remains whether the funds involved are "amounts * * * for a vacation or a holiday" or

"termination, separation, severance or dismissal allowances, and bonuses".

Initially, plaintiff argues that payment of the unused, accrued vacation credit at the time of layoff as provided by § 90(b) of the contract cannot be regarded as "amounts paid * * * for a vacation or a holiday" under § 48 but must be considered a "termination, [etc.] allowance" within the meaning of the proviso because an indefinite layoff is a termination of employment and one cannot receive pay "for a vacation or a holiday" after he has been terminated. The force of plaintiff's argument would be that no amount received for accrued but unused vacations could be designated to the period of an indefinite layoff such that it would constitute "remuneration" and thus disqualify the employee for unemployment compensation. Such a result is contrary to our holding in part II of this opinion, and this Court's holdings in *Brown v LTV Aerospace Corp, supra,* and *Malone v Employment Security Commission, supra,* as well as inconsistent with an important purpose for which § 48 was enacted by the Legislature. In *Brown, ante,* 708, we said:

"This Court [in *Malone, supra]* endorsed as correct the circuit court's holding that such payments constituted remuneration under § 48. It is apparent that this was the very purpose of this part [portion authorizing power to designate] of § 48; *i.e.,* to permit the employer to protect his employment experience rating account by substituting vacation pay for unemployment compensation payment." (Footnote omitted.)

Receipt of "termination, separation, severance, or dismissal allowances, and bonuses" suggests payment independent of and perhaps in addition

to vacation payments.[4] The payments in question were clearly "for a vacation or a holiday". Section 90(b) provides pertinently that: "[i]f a salaried employee is laid off * * * he * * * will receive any unused *vacation* credit, including that accrued in the current calendar year". Plaintiff, in an effort to convince this Court that the parties to the contract had some special intent behind using the term "vacation credit", makes much of the fact that Chrysler and the UAW used "vacation credit" in § 90(b) and "vacation with pay" elsewhere in the contract. However, an examination of the five sections, 87–91, under the portion of the employment agreement entitled "VACATION" reveals that "vacation credit", "credit for a vacation" and "credit" are used on numerous occasions to denote nothing more than earned vacation days for which the employee will be entitled to receive corresponding vacation pay. For example in § 87(a) we find that "an employee will earn *credit* towards *vacation with pay"*. (Emphasis added.) Thus receipt of funds for unused vacation day credit at the time of layoff is another way of saying receipt of "amounts * * * for a vacation".

---

[4] Provision is made for payment of funds which would properly be defined as separation allowances in another section of the Chrysler/UAW employment agreement. Section 102 of the agreement incorporates a Supplemental Unemployment Benefit Plan which provides as follows:

"Article IV

"SEPARATION PAYMENT

"(1) Eligibility

An employee shall be eligible for a Separation Payment if:

"(a) on or after September 1, 1964, he:

"(1) has been on layoff from the Corporation for a continuous period of at least 12 months (or any shorter period determined by the Corporation) * * * .

"(2) Payment

"(a) A Separation Payment shall be payable * * * in a lump sum."

The conclusion that the receipt of such credits is properly characterized as "amounts * * * for a vacation" is reinforced by the latter portion of § 90(b) which provides:

"A recalled employee who received accrued vacation credits at time of layoff or temporary separation or subsequently during layoff or temporary separation for the current calendar year will have such credits deducted from his salaried vacation or hourly payment in lieu of vacation for the following year."

Under this portion of § 90(b) the subsequent receipt of vacation time and accompanying vacation payments are adjusted on the basis of those used during the layoff. The parties to the contract by including this passage authorized the rearrangement of vacation days and accompanying pay for those vacation days in accordance with the exigencies of the production schedule. The contract requires that the employee use his earned vacation time at a time of layoff and when the employee returns to work the vacation time and accompanying pay are deducted from his vacation credit "for the following year". Were this truly "termination [etc.] allowances or bonuses" the employee would not, upon returning to work, have to pay it back as required in effect under § 90(b) of the Chrysler/ UAW contract.

## V —CONCLUSION

We find that Chrysler had the authority to designate vacation pay to the layoff period from June 16, 1970 to July 22, 1970 and that no portion of the amounts allocated can be characterized as being "termination * * * allowances".

The Court of Appeals is affirmed for the reasons

set forth in this opinion. No costs, a public question being involved.

T. G. KAVANAGH, C. J., and LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with WILLIAMS, J.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.