EYRE v SAGINAW CORRECTIONAL FACILITY

Docket No. 261348. Submitted October 5, 2006, at Lansing. Decided February 27, 2007, at 9:05 a.m.

Janice Eyre filed a claim for unemployment-compensation benefits after she was laid off from her position at the Saginaw Correctional Facility and declined an offer of a similar position at another correctional facility. The Unemployment Insurance Agency of the Department of Labor and Economic Growth initially determined that she was eligible for benefits. After her employer protested, however, the agency reversed its position and concluded on redetermination that Eyre had refused without good cause a suitable offer of work. The hearing referee and the Employment Security Board of Review upheld this redetermination. Eyre appealed, and the Bay Circuit Court, Kenneth W. Schmidt, J., affirmed. Eyre appealed by leave granted.

The Court of Appeals *held*:

MCL 421.29(1)(e) provides that a claimant is disqualified from receiving unemployment-compensation benefits if he or she fails without good cause to accept an offer of suitable work. The employer bears the burden of establishing initially that it offered suitable employment. Once the employer meets this burden, the burden shifts to the claimant to establish that good cause existed to refuse the offer. Because it is unclear whether this bifurcated burden of proof was followed below, correct legal principles were not followed in this matter. The case must be remanded to the hearing referee to reconsider Eyre's claim in light of this burden of proof.

Reversed and remanded to hearing referee for further proceedings.

UNEMPLOYMENT COMPENSATION — SUITABLE OFFERS OF WORK — BURDEN OF PROOF.

A claimant is disqualified from receiving unemployment-compensation benefits if he or she fails without good cause to accept an offer of suitable work; the employer bears the burden of establishing initially that it offered suitable employment, but, once

the employer meets that burden, the burden shifts to the claimant to establish that good cause existed to refuse the offer (MCL 421.29[1][e]).

*Wildeboer & Klinda, LLP* (by *John L. Wildeboer*), for Janice Eyre.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Martin J. Vittands*, Assistant Attorney General, for the Department of Labor and Economic Growth.

Before: SAWYER, P.J., and WILDER and SERVITTO, JJ.

SAWYER, P.J. We are asked in this appeal to determine the appropriate standard of review to apply when determining whether an unemployment-compensation claimant was properly denied benefits for refusing to accept a suitable offer of employment without good cause. We hold that the employer initially bears the burden of establishing that a suitable offer of work had been made, but, once the employer has met this burden, the burden shifts to the claimant to establish that there was good cause for the refusal.

Claimant was employed in the business office of the Saginaw Correctional Facility. She was laid off from that position. Although offered a similar position at the Standish Maximum Correctional Facility, she declined the offer, citing health concerns and the longer driving distance. She was initially granted unemployment compensation benefits, the Unemployment Insurance Agency of the Department of Labor and Economic Growth having concluded that she had good cause for refusing suitable work. That determination, however, was reversed after the employer protested. The new determination concluded that claimant had refused a suitable offer of work without good cause. The hearing

referee, the review board, and the circuit court upheld this determination. We reverse and remand this case to the hearing referee.

We decline to address the merits of this case because we conclude that the burden of proof was improperly placed on claimant to establish both that the position offered was unsuitable or, if it was suitable, that she had good cause to refuse it. For the reasons to be discussed below, the burden rests on the employer to establish that suitable employment was offered. Once that burden is met, then the burden shifts to the employee to establish that there was good cause to refuse the offer of suitable employment.

MCL 421.29(1)(e) provides that a claimant is disqualified from receiving benefits if he or she fails without good cause to accept suitable work offered. Whether the burden of proof falls on the employer or the claimant is not clearly established under binding precedent. This Court, in *Lasher v Mueller Brass Co*,[1] concluded that the burden rests on the employer to establish disqualification and, specifically, that the burden of proving suitability falls on the employer. But, in *Cooper v Univ of Michigan*,[2] this Court rejected the view that the burden of proving disqualification always falls on the employer. This view was reaffirmed in *Tomei v Gen Motors Corp*.[3]

In fact, although *Tomei* involved an issue of disqualification under MCL 421.19(1)(a) for voluntarily leaving work without good cause attributable to the employer, we believe that it presents a sound approach that guides us in this case. In *Tomei*, this Court concluded that, at

---

[1] 62 Mich App 171, 177-178; 233 NW2d 513 (1975).

[2] 100 Mich App 99, 103; 298 NW2d 677 (1980).

[3] 194 Mich App 180, 185; 486 NW2d 100 (1992).

least in the context of plant-closing cases, the burden should be on the employer to establish that it clearly communicated a viable offer of reasonable employment.[4] But, once the employer meets that burden, the burden shifts to the claimant to demonstrate that the decision to leave work was involuntary.[5]

The Court's rationale seemed to be grounded on which party is better able to provide the information needed to answer the relevant inquiries.[6] Applying this principle to MCL 421.29(1)(e), we think that a bifurcated approach to the burden of proof is also called for. In these cases, the employer is in the best position to establish that an offer of suitable employment has been made. The employer is more likely than the employee to be familiar with the job requirements and the working conditions of the new position and whether the employee can discharge those responsibilities. But the employee is more likely than the employer to be aware of conditions personal to the employee that might provide good cause for refusing that employment.

Accordingly, we conclude that the employer should bear the burden of initially establishing that an offer of suitable employment has been made. Once the employer meets that burden, the burden then shifts to the claimant to establish that there existed good cause to refuse that offer. Because it is unclear to us that such a burden of proof was followed below, we conclude that the correct legal principles were not followed.[7] Therefore, the appropriate resolution of this case is to remand

[4] *Id.* at 186.

[5] *Id.* at 186-187.

[6] *Id.* at 186.

[7] *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996).

the matter to the hearing referee to reconsider the matter in light of the burden of proof outlined above.

Reversed and remanded to the hearing referee for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.