Argued March 17, reversed May 5, 1975

ASHBY, *Petitioner, v.* EMPLOYMENT DIVISION
ET AL, *Respondents.*
SPITZ, *Petitioner, v.* EMPLOYMENT DIVISION
ET AL, *Respondents.*
534 P2d 1160

*Hugh K. Cole, Jr.,* Eugene, argued the cause for petitioners. With him on the briefs were Coons, Cole & Anderson, Eugene.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and DENECKE, Judges.

DENECKE, J. (Pro Tempore)

Petitioners were denied unemployment compensation by the Employment Appeals Board and they appeal. The question is, when are teachers eligible for unemployment compensation for periods between school terms?

Petitioners are teaching assistants at a community college. Petitioner Ashby claims compensation for the weeks between spring and summer terms and petitioner Spitz for the weeks between summer and fall terms.

Petitioners were paid at an hourly rate. They received no compensation for the periods between terms. We infer from the evidence that the school year is divided into four terms. Petitioners were hired by the term. At some time in the beginning of each term for which they were hired they received a "Statement of Appointment" providing, "This appointment is for one term; no promise is made for additional terms." The other evidence also was that they were not guaranteed renewed employment. All the administrative agencies involved found the employer had no enforceable duty to re-employ petitioners and they had no enforceable obligation to return.

On the other hand, for several years petitioners had been rehired at the beginning of the term and petitioners testified they expected to be rehired each term. Whether they would be rehired depended upon the budget approved for the college and the enrollment.

The statute in dispute, ORS 657.167, provides:

"(1) Benefits based on service in an instructional * * * capacity for a school * * * shall be payable in the same amount, on the same terms and subject to the same conditions as benefits pay-

able on the basis of other service subject to this chapter, except that with respect to such service benefits shall not be paid for any week of unemployment which begins during the period between two successive academic years, or during a similar period between two regular terms whether or not successive, * * * if such individual has a contract or contracts to perform services in any such capacity for any educational institution or institutions for both such academic years or both such terms. * * *."

This legislation was adopted in 1971 pursuant to federal legislation concerning unemployment benefits for teachers. 26 USC § 3304(a)(6) (1975 Supp).

The essence of the Appeals Board's decision is found in its statement of CONCLUSIONS AND REASONS:

"* * * The claimant is contending that the Appeals Board must interpret this language as nothing less than a fully binding legal contract. We do not so interpret this language. It is the finding of this Board that the intent of the legislature in using this term is that the expectation and understanding of reemployment is sufficient to comply with the statutory language under the provisions of ORS 657.167. * * *."

■■ The definition of "contracts," as it is used in the statute, is a question of law. In determining some questions which analytically can be classified as "questions of law" we give weight to the decision of the administrative agency because of its expertise. However, this is not the case in interpreting the meaning of the word "contract" as used in this statute. *Rogers Const. Co. v. Hill,* 235 Or 352, 356-357, 384 P2d 219 (1963).

■ We find the word "contract" to be unambiguous. Succinctly, a contract is a binding obligation. 1

Restatement 1, Contracts § 1. An expectation of performance, although reasonable and expected by both parties, is not a contract. Nothing in the legislative history of the Oregon statute, the federal law, the context or the apparent purpose of the statute intimates that the legislature intended "contract" to be used any differently than in its commonly accepted sense.

██ We conclude the petitioners did not have a contract.

The Employment Division contends both cases are moot because at the time of the hearing petitioners had actually been rehired and were working in the term following the period for which they claimed compensation. Such evidence is irrelevant. It proves that the expectation was fulfilled, not that there was a contract for employment for the period petitioners claimed benefits.

Reversed.