Argued September 28, reversed November 1, 1976

McDEVITT, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 76-4035, CA 6335)

555 P2d 937

*Louis Savage,* Multnomah County Legal Aid Service, Portland, argued the cause and filed the briefs for petitioner.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

LEE, J.

Petitioner appeals from a decision of the State Employment Appeals Board denying his claim for unemployment compensation benefits.[1] Adopting the decision of its Referee as "correct, proper, and complete," the Board specifically held petitioner to be disqualified under the terms of ORS 657.176(2)(c) which excludes from eligibility those persons who have "voluntarily left work without good cause."

■ Appearing before the Referee petitioner testified that between September of 1971 and August of 1975 he had been employed as an instructor at the University of Portland on a full-time basis, and as a part-time instructor by Portland Community College (PCC). During that period his sustained association with PCC had been based upon a series of contracts, each of which covered a single term or "quarter" of the academic year. Under the terms of those contracts petitioner's employment relationship with PCC extended only through the duration of each separate term, to be renewed at the election of both parties by the offer and acceptance of another contract covering the subsequent term.[2]

---

[1] ORS 657.282; 183.482(8).

[2] ORS 657.167 provides in relevant part that:

"(1) Benefits based on service in an instructional * * * capacity for a school * * * shall be payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter, except that with respect to such service benefits shall not be paid for any week of unemployment which begins during the period between two successive academic years, or during a similar period between two regular terms whether or not successive, * * * if such individual has a contract or contracts to perform services in any such capacity for any educational institution or institutions for both such academic years or both such terms. * * *

"* * * * *."

Taken alone, this statute will not, however, serve to disqualify an instructor from eligibility for benefits during those periods between academic terms when he is "unemployed" where that instructor is hired on a term-by-term basis by an educational institution having no enforceable duty to rehire him/her from one term to the next and the instructor has no enforceable obligation to return at the end of any given term, *even where* the instructor has an "expectation" that a new offer will be made at the beginning of the new term. *Ashby v. Employment Division,* 21 Or App 265, 534 P2d 1160 (1975).

[ 255 ]

In August of 1975 petitioner's full-time employment with the University of Portland came to an end;[3] his contract with PCC covering the summer term also expired that same month. Petitioner thereafter filed his claim for unemployment compensation and was informed that he would be required to actively seek, and to be available for, full-time employment as a condition to the receipt of aid.[4] Petitioner had previously been offered a contract to teach a single class, consisting of ninety-minute sessions on Tuesday and Thursday mornings, at PCC during the Fall term to begin on September 30, 1975. Having communicated with the Employment Division prior to responding to that offer, petitioner informed PCC that pursuant to instructions, he would be seeking full-time employment, and that if the opportunity to work full-time presented itself he would in all probability be unable to fulfill his duties under the proposed contract. In light of that response the contract offer was then withdrawn by PCC.

■ While this evidence would appear to be relevant to the question of whether petitioner "failed to accept suitable work when offered to him,"[5] it provides no support whatsoever for the conclusion that he "voluntarily left work without good cause." The evidence that petitioner ceased to be an "employee" of PCC on August 11, 1975 when his contract for the summer term expired is uncontroverted. The offer petitioner declined to accept was for a part-time position to begin on September 30, 1975 and was, in effect, an offer of new employment.

---

[3]The record before us does not include any evidence of the circumstances surrounding petitioner's separation from the University of Portland; the Board did not, however, rely in any way upon the termination of that employment relationship in concluding that petitioner was ineligible for unemployment benefits.

[4]ORS 657.155 provides in relevant part that in order to be eligible to receive benefits an unemployed individual must be "* * * able to work, * * * available for work, and * * * actively seeking and unable to obtain suitable work. * * *" ORS 657.155(1)(c).

[5]ORS 657.176(2)(e).

The order of the Board is not, therefore, supported by substantial evidence in the whole record. ORS 183.482(8)(d).

Reversed.