Submitted June 2, affirmed in part, reversed and remanded in part
August 2, reconsideration, petition for review pending

KOVACH, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 77-P-4007, CA 10199)

582 P2d 460

Don S. Willner, Portland, filed the brief for petitioner. With him on the brief was Willner, Bennett, Riggs & Bobbitt, Portland.

No appearance for respondents.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

In this factually simple but procedurally unusual unemployment compensation case, petitioner seeks judicial review of a divided Employment Appeals Board decision which reversed rulings in her favor by the administrator and a referee with respect to two separate periods in the summer of 1977. We conclude that she was eligible for benefits during one period but not the other, and affirm the Board in part, and reverse in part.

### The Facts

Petitioner Marion M. Kovach was employed by Portland Community College (PCC) as a part-time instructor in the Philosophy Department from March 29, 1974, to June 10, 1977. During the last academic year (1976-1977), petitioner taught at Portland Community College in the winter and spring quarters. In the winter quarter, petitioner was assigned to teach three courses, but two were cancelled for lack of sufficient enrollment. Petitioner taught the one remaining course in the winter quarter, and was paid $525. In the spring quarter, petitioner was again assigned to teach three courses, but one was cancelled for lack of sufficient enrollment. Petitioner taught the two remaining courses spring quarter, and was paid $1,050. Spring term ended June 10, 1977.

Prior to the end of the spring quarter, petitioner had a discussion with her superior at Portland Community College, Steve Ratham, concerning plans for philosophy classes for the 1977-78 academic year. Mr. Ratham informed petitioner that because it was necessary at that time for PCC to produce a schedule of all philosophy classes for the 1977-78 academic year, PCC needed an immediate commitment from the petitioner that she would be available to teach courses in the fall. While PCC needed the petitioner to make a firm commitment that she would be available to teach in the fall, PCC also made it clear that the courses would

[ 611 ]

be held only if a sufficient number of students enrolled in them by the first week of fall term.

In response to PCC's request, petitioner said she could not guarantee that she would be available to teach the following fall, because she wanted to pursue the possibilities of either attending graduate school or securing full-time employment. Since petitioner could not commit herself to being available to teach the fall 1977 classes that would eventually be held, Mr. Ratham decided "it would be best to try to find another instructor for the Asian philosophy courses before the end of spring term 1977." Petitioner agreed, and at the end of spring quarter 1977, her employment with PCC ended.

## The Procedure

Following the end of the spring term in 1977, petitioner made her initial claim for unemployment benefits. The employer objected. Benefits were allowed by an administrator's decision dated September 21, 1977. By a letter dated September 29, 1977, the employer protested the administrator's decision, and asked for a hearing. The administrator's determination had been made pursuant to ORS 657.176—the general disqualification statute.[1] However, the employer, in requesting a hearing, added:

---

[1] ORS 657.176 provides, in pertinent part:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work, or

"(b) The individual has been suspended from work for misconduct connected with his work, or

"(c) The individual voluntarily left work without good cause, or

"We would also request a decision be issued regarding claimant's meeting provisions of [ORS] 657.155."

This latter section authorizes benefits only if the claimant

"* * * is able to work, is available for work, and is actively seeking and unable to obtain suitable work." ORS 657.155(1)(c).

Two separate events then followed: A hearing was scheduled concerning the September 21 administrator's decision, and a separate administrator's decision was issued concerning the new issue raised by the employer.

## 1. Separate Administrator's Decision

On October 10, 1977, a separate administrator's decision was issued on the new issue raised by the employer. The decision declared petitioner eligible for benefits. The decision also provided that "[a]ny appeal from this decision must be filed on or before [October 31, 1977] to be timely." From the record before us, it does not appear that the employer separately sought to appeal this later administrator's decision to the Employment Appeals Board.

## 2. Hearing on September 21 Decision

On October 25, 1977, a notice of hearing was mailed to the parties, setting a hearing for November 1, 1977, and stating that the hearing was "on an appeal filed by an interested party from administrators decision(s) served September 21, 1977." The notice indicated,

---

"(d) The individual failed without good cause to apply for available suitable work when referred by the employment office or the assistant director, or

"(e) The individual failed without good cause to accept suitable work when offered to him,

the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

however, that issues to be considered would be petitioner's eligibility under *both* ORS 657.176 and 657.155.

The original hearing was postponed and a new notice, resetting the hearing for November 16, 1977, was mailed to the parties on November 9, 1977. Again, the notice referred only to the September 21 administrator's decision, but indicated that the issues to be considered would be eligibility under both ORS 657.176 and 657.155.

The referee's hearing was held as scheduled on November 16, 1977. Petitioner, who was not then represented by counsel, made no objection to consideration of the ORS 657.155 issue.

In fact, petitioner indicated early in the proceeding that she understood two issues were to be litigated. She was specifically asked if she had received a copy of the October 10 administrator's decision, and acknowledged that she had. She helped identify a copy of the decision, and made no objection to admission of the copy into evidence.

The referee's decision was issued November 28, 1977.

It stated:

"The referee affirms the administrator's decisions served September 21, 1977 *and October 10, 1977,* relating to ORS 657.176 *and 657.155 respectively.*

"Claimant is not disqualified from benefits under ORS 657.176 because of [her] * * * separation from work.

"Claimant is eligible for benefits *under ORS 657.155* for periods June 12, 1977 through July 2, 1977 (weeks 24 through 26) and September 4, 1977 through October 15, 1977 (weeks 36 through 41)." (Emphasis added.)

The employer appealed the referee's decision to the Employment Appeals Board. ORS 657.275. The Board, one member dissenting, reversed the referee. On the ORS 657.176 issue, the Board found petitioner had

voluntarily left work without good cause and was therefore not eligible for benefits in weeks 24 through 26. On the ORS 657.155 issue, the Board found that petitioner was not sufficiently available for work to be eligible for benefits from September 18 through October 15, 1977 (weeks 38 through 41).[2]

*The Merits*

■ Petitioner first challenges the Board's ruling that she voluntarily left work without good cause. We agree with the petitioner. The pertinent facts are undisputed. Petitioner, who had been a part-time instructor, wanted full-time work. Employer could not promise that for the fall of 1977, so petitioner could not promise to be available. Petitioner's old contract expired; she was never offered a new one. She was eligible for benefits. *McDevitt v. Employment Division,* 27 Or App 253, 555 P2d 937 (1976). *See also Ashby v. Employment Division,* 21 Or App 265, 534 P2d 1160 (1975).

■ Petitioner also challenges the Board's determination that she is ineligible, by virtue of ORS 657.155, from receiving benefits for weeks 38 through 41. She maintains the referee had no jurisdiction to consider her eligibility under ORS 657.155, and that all rulings on that question after the administrator's decision on October 10, 1977, are void. We disagree.

The statutory procedure for requesting a hearing on an administrator's decision is provided in ORS 657.265(6):

[2] As previously noted, the referee had found claimant eligible for weeks *36* through 41. However, the Board noted,

"The administrators decision [of October 10, 1977] requested by the employer addressed itself only to those weeks beginning September 18, 1977 (week 38) with the last week being claimed the week ending October 15, 1977 (week 41). Therefore we find that the referee exceeded his authority in ruling on any weeks prior to the week ending September 24, 1977."

The record before us does not disclose the posture in which this leaves petitioner with respect to weeks 36 and 37. Apparently, the original administrator's determination that she was eligible for benefits controls.

[ 615 ]

"Unless the claimant or one of the employing units * * * within 20 days after delivery of [an administrator's determination] or, if mailed, within 20 days after the same was mailed to his last-known address, files with the assistant director a request for hearing upon the decision, *it shall be final and benefits shall be paid or denied in accordance therewith,* unless otherwise provided in accordance with law.* * *" (Emphasis added.)

However, the Board found a waiver of the notice of appeal provision by petitioner, based upon the fact that (1) the notice of hearing (which was originally issued prior to the date the October 10, 1977 decision became final) listed as one issue petitioner's eligibility under ORS 657.155, and (2) both parties litigated the issue without objection.

We agree with the Board. All parties came to the hearing prepared to litigate both issues. There was therefore no prejudice to petitioner. Moreover, a contrary ruling *could* prejudice the employer since it may well have thought, based upon the October 24, 1977, notice of hearing, that it did not need to separately appeal the October 10, 1977 decision.

The order of the Employment Appeals Board is reversed with respect to weeks 24 through 26; it is affirmed with respect to weeks 48 through 51, and the matter is remanded for entry of an appropriate order.

Affirmed in part, reversed in part, and remanded.