Argued and submitted June 13, reversed August 25, 1980

CREIGHTON,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*
(No. 80-AB-88, CA 16754)
615 P2d 1175

Larry T. Coady, Albany, argued the cause for petitioner. With him on the brief was Coady & Moore, Albany.

Al J. Laue, Salem, waived appearance for respondent, Employment Division.

No appearance for respondent Colorado Women's College.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this case the Employment Appeals Board concluded that the claimant was disqualified from the receipt of unemployment compensation benefits pursuant to ORS 657.176(3)(b), which provides:

"(3) An individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in one week subsequent to any week in which the act causing the disqualification occurs if the authorized representative designated by the assistant director finds:

"* * * * *.

"(b) The individual left work to accompany her or his spouse or companion or join her or him at a place from which it is impractical to commute to such work, * * *"

The claimant appeals, contending that the Board's conclusion derives from an erroneous interpretation of ORS 657.176(3)(b), and that the conclusion is based on a finding which is not supported by substantial evidence. ORS 657.282; 183.482(8). We agree, and reverse.

The pivotal facts are not in dispute. The claimant was employed by Colorado Women's College as a visiting assistant professor of sociology. He contracted to teach three sociology courses during the term February 1 to May 17, 1979. Prior to the expiration of this contract, the employer informed the claimant that a teaching position would be open for the 1979-80 school year and invited claimant to apply. After a period of indecision, the claimant determined not to apply for this position. Among the claimant's reasons for not applying was the fact that his wife was living and working in Corvallis. Claimant also chose not to apply "because of the insecurities in the [Colorado Women's College] situation." (According to claimant, the college closed in 1976 and enrollment "was not good in 1978-79."). The employer never offered claimant a contract for the 1979-80 school year

or for any part of it. However, the referee found that "[i]f claimant had been satisfied with the position he had as visiting assistant professor, employer probably would have offered him the position" for the 1979 fall term.

An administrative decision determined that the claimant had "left [his] work to join [his] wife at a place from which it is impractical to commute," and that claimant was disqualified pursuant to ORS 657.176(3)(b). The referee reversed. The Board again reversed, reaching the same decision as the administrator.

We agree with claimant that the Board's conclusion derives from an erroneous interpretation of ORS 657.176(3)(b), and that the conclusion is based on a finding which is not supported by substantial evidence. ORS 183.482(8).

ORS 657.176(3)(b) only applies if a claimant has "* * * *left work* * * to accompany * * * his spouse * * * or join her * * * at a place from which it is impractical to commute to such work * * *." (Emphasis supplied.)

Here, the uncontroverted evidence, accepted by the Board, establishes that the claimant did not leave work to join his wife in Corvallis. The claimant's contract ended on May 17, 1979. Claimant had no job to leave. In a factually similar case we observed that,

"[Claimant's] old contract expired; she was never offered a new one. She was eligible for benefits. *McDevitt v. Employment Division,* 27 Or App 253, 555 P2d 937 (1976). * * *" *Kovach v. Employment Division,* 35 Or App 609, 615, 582 P2d 460 (1978).[1]

[1] On appeal, claimant notes that the Division has not adopted a rule interpreting ORS 657.176(3)(b), and argues that the Division must adopt such a rule to guide the referees and the Board. *See McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979); *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979). Since we hold that ORS 657.176(3)(b) does not govern the decision in this case, we do not reach this issue.

Claimant did not apply for the 1979-80 teaching position. As claimant notes, while this fact might have raised the issue of whether claimant was available for and actively seeking and unable to obtain suitable work, ORS 657.155(1)(c),[2] this issue was not raised below.

The Board's order, disqualifying claimant from receiving benefits pursuant to ORS 657.176(3)(b), is set aside.

Reversed.

[2] ORS 657.155(1)(c) provides:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. * * *"