## Albright Unemployment Compensation Case.

Argued March 23, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Edward W. Albright,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

The claimant was a bookkeeper who resigned his job on July 17, 1953. Thereafter, he filed claims for unemployment compensation benefits, which were successively denied by the Bureau, the referee and the Board of Review. The Board held claimant ineligible under §402(b) of the Law, 43 P.S. §802, in that he voluntarily left his job without good cause.

Claimant admits that he voluntarily quit his employment but justifies his leaving on the ground that he didn't have enough work to do. He was employed in answer to an advertisement for a bookkeeper. He received $75 a week and remained on the job for fifteen weeks. He maintains that he anticipated being invested with some responsibility after learning the office routine, but was never given any. Instead, he testified that he actually worked only about one hour a day, though on the job for eight hours. He admitted that he never protested the lack of work. The employer testified that his services were satisfactory and that he was not being retained on sufferance, but that he was wanted and work could be found for him.

This is a most unusual case and claimant's desire for sufficient and responsible work is commendable. However, the facts do not disclose a situation requiring unemployment compensation. In order to qualify for

benefits an employe who voluntarily leaves his job must do so only for good cause. Good cause has been defined as a circumstance of a compelling or necessitous nature such as would impel a reasonable person to leave. *Sturdevant Unemployment Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898. The facts in this case were certainly insufficient to establish compelling or necessitous circumstance. If the claimant was dissatisfied, he should have discussed the situation with his employer, who testified that the work load could have been rearranged. The evidence was more than sufficient to sustain the findings and conclusions of the Board. Cf. *Allen Unemployment Compensation Case,* 174 Pa. Superior Ct. 514, 102 A. 2d 195.

Decision affirmed.