WOJEWODA *v.* EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CARPENTERS—STRIKE OF REIN-
FORCED STEELWORKERS IN SAME PLANT.
   Carpenter was not entitled to unemployment compensation ben-
   efits for period he was out of work due to strike in same plant
   of reinforced steel workers who were employed at same plant
   as claimant, notwithstanding he was not concerned with
   matters involved in such strike, the plant was not picketed by
   the strikers and plaintiff received no word from his union
   officers (CLS 1956, § 421.29).

2. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION.
   No costs are allowed in proceeding to recover unemployment com-
   pensation, where a public question was involved.

3. CONSTITUTIONAL LAW—COURTS—STATUTES—POLICY.
   Courts have no power or authority to pass upon the wisdom, policy
   or equity of legislation.

Appeal from Wayne; Dehnke (Herman), J., pre-
siding. Submitted June 4, 1959. (Docket No. 31,
Calendar No. 47,709.) Decided October 12, 1959.

Leonard Wojewoda presented his claim to the Em-
ployment Security Commission for unemployment
compensation·by reason of work stoppage at John
Westphal, Inc., a Michigan corporation, employer.

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance and Re-
   tirement Funds § 36.
   Construction and application of provisions of unemployment com-
      pensation or social security acts regarding disqualification for
      benefit because of labor disputes or strikes. 28 ALR2d 287.
[2] 14 Am Jur, Costs § 37.
[3] 11 Am Jur, Constitutional Law §§ 136–138.

Award denied by commission and appeal board and, upon review, by circuit court. Plaintiff appeals. Affirmed.

*Schwartz & O'Hare (Rolland R. O'Hare,* of counsel), for plaintiff.

*Fildew, DeGree, Fleming & Gilbride (Leslie W. Fleming,* of counsel), for defendant employer.

KELLY, J. *(concurring).* Appellant and appellees agree upon the following statement of facts:

Appellant Wojewoda was employed by John Westphal, Inc., as a carpenter on the construction of a school prior to May 17, 1956. On that date a strike occurred among the reinforced steel workers employed at the school project by John Westphal, Inc. Because no other work on that project could continue until settlement of the dispute with the reinforced steel men, the employer laid off appellant on May 17, 1956.

Appellant is a member of the carpenters' union. He did not know a strike was going to occur among the members of the reinforced steel workers union; he received no word concerning the strike from any business agent or other officer of the carpenters' union; no picket line was established by the reinforced steel men after they went on strike. There is no indication in the record that the strike by the reinforced steel workers union concerned any matter which also could affect employees in other unions, such as the carpenters.

Appellant filed for unemployment benefits under the Michigan employment security act. On November 30, 1956, the commission allowed his claim for benefits but upon redetermination it "held that during the weeks ending 5/26/56, 6/2/56 and 6/9/56 a stoppage of work due to a labor dispute existed at

John Westphal, Inc. Those individuals, including claimant, who were employed in work classifications other than reinforced steel work, and who became unemployed and filed claims for benefits covering the weeks ending 5/26/56, 6/2/56 and 6/9/56, are held subject to disqualification for unemployment benefits for such weeks under the provisions of section 29 (1)(b)(4) of the act."

The commission's redetermination was affirmed by the referee on May 3, 1957, and by the appeal board of the commission on September 11, 1957. An appeal was heard by the circuit court for the county of Wayne, Hon. Herman D. Dehnke presiding, on January 24, 1958, and the decision of the appeal board was affirmed. From this judgment appellant appeals.

CLS 1956, § 421.29 (Stat Ann 1957 Cum Supp § 17.531), being section 29 of the Michigan employment security act, reads in part:

"(1) An individual shall be disqualified for benefits:    *    *    *

"(b) For any week with respect to which his total or partial unemployment is due to a stoppage of work existing because of a labor dispute in the establishment in which he is or was last employed: Provided, however, That no individual shall be disqualified under this section if he shall establish that he is not directly involved in such dispute. For the purpose of this section, no individual shall be deemed to be directly involved in a labor dispute unless it is established:    *    *    *

"(4) That at any time, there being no labor dispute in the particular department or unit in which he was then employed, or there being no labor dispute among the grade or class of workers within the employing unit to which he belongs, he shall have become unemployed because of a stoppage of work in his particular department or unit, or among the grade or class of workers to which he belongs, which stoppage of work is due to a labor dispute which was or is in

progress in some other department or unit or among a different grade or class of workers of the same employing unit by whom he was then employed."

The question presented in this appeal was decided in *General Motors Corporation* v. *Unemployment Compensation Commission*, 321 Mich 724, and reaffirmed in *Buzza* v. *Unemployment Compensation Commission*, 330 Mich 223, wherein we stated (pp 235, 236):

"We conclude that the stoppage of work in consequence of which plaintiffs were laid off was caused by the labor dispute involved in the foremen's strike then in progress. Under section 29, subd (c), par (4), plaintiffs herein were disqualified from receiving unemployment benefits. * * *

"In consequence of the factual aspect of this case, the contention is made in behalf of plaintiffs that they became unemployed through no fault of their own, and therefore they should not be deemed to be disqualified. The answer to such contention is contained in our former decision in *General Motors Corp.* v. *Unemployment Compensation Commission*, *supra*, wherein a headnote reads:

" 'Whether or not amendment [par (4) of § 29 (c)] of unemployment compensation act unduly restricted employee in obtaining unemployment compensation is a matter for legislative determination, as courts have no power or authority to pass upon the wisdom, policy or equity of legislation (PA 1936 [Ex Sess], No 1, § 29, subd [c], par 4, as added by PA 1943, No 246.)' "

Affirmed. No costs, a public question being involved.

DETHMERS, C. J., and CARR, J., concurred with KELLY, J.

KAVANAGH, J. In view of the finding of fact of the appeal board and the circuit court that plaintiff was

employed by the same employer or employing unit, we concur in the result reached in the opinion of Justice KELLY.

We do not agree that the question here presented was decided in *General Motors Corporation* v. *Unemployment Compensation Commission*, 321 Mich 724, and only partially in *Buzza* v. *Unemployment Compensation Commission*, 330 Mich 223, for the reason that in the *General Motors Case* the cause of action arose prior to the effective date of the statutory amendments adopted by PA 1947, No 360, ordered to take immediate effect, approved July 8th, and containing a provision that it "shall take effect on July 1, 1947", and in the *Buzza Case* only that portion of the action arising from July 8th to July 16th, the date on which the work stoppage ended, after the amendments were effective.

The amendments to section 29 (1) (b) (3) and (4) (CL 1948, § 421.29 [Stat Ann 1950 Rev § 17.531]) were as follows: At the end of subsection (1) (b) (3) the period was removed and a comma placed following the word "progress" and the word "or" inserted following the comma. To subsection (1) (b) (4) was added the material set forth in italics below:

"That at any time, there being no labor dispute in the particular department or unit in which he was then employed, *or there being no labor dispute among the grade or class of workers within the employing unit to which he belongs,* he shall have become unemployed because of a stoppage of work in his particular department or unit, *or among the grade or class of workers to which he belongs, which* stoppage of work *is* due to a labor dispute which was *or is* in progress in some other department or unit *or among a different grade or class of workers* of the same employing unit by whom he was then employed."

Although many of us might not agree with the wisdom, or lack of it, on the part of the legislature

in making these changes, courts have no power or authority to pass upon the wisdom, policy or equity of legislation.

SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred with KAVANAGH, J.