### FRESTA *v.* MILLER.

1. UNEMPLOYMENT COMPENSATION—REHEARING—STATUTES.

Employers' claim that claimant for unemployment compensation was improperly granted a rehearing by a referee of the employment security commission *held,* without merit, where the applicable statute specifically allows such rehearing (CLS 1961, § 421.33, as amended by PA 1963, No 190).

2. SAME—EVIDENCE—FULL-TIME WORK—DISQUALIFICATION FOR BENEFITS—CONTRADICTORY STATEMENTS.

Employers' claim that claimant was ineligible for unemployment compensation benefits on the basis that she was not available for full-time work during the period in question *held,* without merit, where such claim was based solely upon certain testimony of claimant which was subsequently corrected by her, and the record establishes that she did, in fact, perform full-time work during the period in question (CLS 1961, § 421.28 [c], presently PA 1965, No 281, § 421.28[c]).

3. SAME—DISQUALIFICATION FOR BENEFITS—EVIDENCE—BURDEN OF PROOF.

An employer claiming that an employee is disqualified from unemployment compensation on the basis of statutory misconduct has the burden of establishing such misconduct (CLS 1961, § 421.29).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 43, 44.
[2] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 34, 35.
[3, 4] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.
[5] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 49.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

4. SAME—DISQUALIFICATION FOR BENEFITS—MISCONDUCT—EVIDENCE.
   Claim that defendant employee was disqualified from unemployment compensation benefits because of alleged misconduct *held*, without merit, where the only evidence of this conduct consisted of plaintiffs' own testimony, which testimony was either refuted by defendant or explained by her to the satisfaction of the hearing referee (CLS 1961, § 421.29).

5. APPEAL AND ERROR—UNEMPLOYMENT COMPENSATION—GREAT WEIGHT OF EVIDENCE.
   The Court of Appeals does not reverse a decision of the employment security commission appeal board, where the determination of such board is not contrary to the great weight of the evidence (CLS 1961, § 421.38).

6. COSTS—PUBLIC QUESTION—UNEMPLOYMENT COMPENSATION.
   No costs are allowed on affirmance of order allowing unemployment compensation benefits to claimant, where public question was involved.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted Division 1 January 5, 1967, at Detroit. (Docket No. 1,621.) Decided June 13, 1967. Rehearing denied July 25, 1967.

Claim for unemployment compensation benefits by Geraldine V. Miller against Rosario Fresta and Rosaria Fresta, and Giuseppe Ravida and Rosina Ravida, doing business as Eastman's Cocktail Lounge. The Employment Security Commission, on redetermination, held for defendant, granting benefits. Plaintiff appealed. The hearing referee, on redetermination, held for defendant. Plaintiff appealed to the Michigan Employment Security Appeal Board, which affirmed. Plaintiff's motion for rehearing was denied. Plaintiff appealed to circuit court which affirmed. Plaintiff appeals. Affirmed.

*Cassese, Batchelder & Jasmer* (*Joseph A. Cassese,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert Derengoski,* Solicitor General, and *Edward J. Setlock,*

Assistant Attorney General, for defendant Michigan Employment Security Commission.

Lesinski, C. J.   Plaintiffs (employers) appeal from an affirmance below of a determination by the appeal board of the Michigan employment security commission which allowed defendant's (employee's) claim for unemployment compensation.

The claimant was employed by the plaintiffs as a waitress-barmaid from 1959 to 1963.   The record reveals that the claimant suffered a back injury unrelated to her employment in July, 1963, and was advised by her doctor that she was not to return to work until September.   Although plaintiffs allege error in the admission of her evidence of same—a physician's certificate—they do not dispute the fact that she suffered such an injury nor did they object to the introduction of same.   This issue was not properly preserved for appeal to this Court.   See *Opp Cotton Mills, Inc.,* v. *Administrator of the Wage and Hour Division of the Department of Labor* (1941), 312 US 126, 155 (61 S Ct 524, 537, 85 L ed 624, 641).

Furthermore, the record reveals the following interchange between the referee and one of the plaintiffs:

"*Referee.*   Well, at this point do you question that Mrs. Miller [claimant] had a back condition which prevented her from working full-time?

"*A.* She probably has, yes."

Plaintiff did return to work during August, however. According to her testimony, her reason for doing so was to "help out" her employers (plaintiffs) because they were shorthanded.   She further testified that she was unable to report for work on August 10, 1963, because of illness, and that she was fired thereafter.   The full account of the events which

transpired relevant to this case during the first two weeks of August, 1963, and the claimant's employment history thereafter came to the attention of the Michigan employment security commission in serial fashion, which explains the confusion in the record before us.

On January 16, 1964, the claim at issue here was filed. Although the initial determination was a denial thereof, on April 9, 1964, a redetermination was issued by the commission which found that claimant was discharged for physical inability to continue work; that she was not disqualified for benefits by such discharge; and that a benefit year was established. The employers appealed. Testimony was taken before the referee who found her discharge was for reasons which did not constitute misconduct so as to disqualify her for benefits, but that she did not qualify for benefits because she was physically unable to engage in full-time work from July 15, 1963, until the hearing date of May 20, 1964, and that no benefit year was established by her January 16, 1964 claim. The next step was taken by the claimant who sought a rehearing. At this hearing claimant established that she had worked full-time elsewhere after August, 1963, as she had been employed from September, 1963, *inter alia,* by the Alpine Lounge and by the Sea Breeze Lounge. She had later received benefit checks based on credit weeks earned at the latter establishment. She further showed that she had sought full-time employment at various places during the period in question, and that she had engaged in part-time work. The referee found authority under the act to grant her petition for rehearing and found that the claimant was available for full-time work from September 1, 1963, to the date of the rehearing, July 16, 1964; he found that the claimant had sought full-time employment during the period, and that she was eligible

for benefits if she otherwise qualified. Bearing on this point, the referee sustained his previous finding that her discharge was for failure to engage in work regularly, steadily, full time due to physical disability rather than to circumstances consisting of misconduct, and that she was not disqualified for benefits. This decision was appealed by the employers to the appeal board which affirmed the decision of the referee. The appeal board denied the employers' subsequent application for rehearing and plaintiffs appealed to circuit court. In a careful analysis, the lower court's opinion reviewed the events summarized above and concluded that the decision of the appeal board should be affirmed.

Plaintiffs' case is based on two assertions: (1) That the claimant was not able and available for full-time work because of her undisputed back injury;[1] and (2) that even if we should find that she was available for full-time work, she is disqualified because she left work voluntarily, or was discharged for misconduct which would disqualify her claim.[2]

The first few pages of plaintiffs' argument on the first point are devoted to an attempt to show that the defendant was not sick, but rather was malingering during the critical period in August, 1963. The balance of plaintiffs' argument on this issue accuses the claimant of taking contradictory positions and contends that she had no right to a rehearing.

The rehearing was properly granted under section 33 of the Michigan employment security act.[3] As

---

[1] See, currently, PA 1965, No 281, amending CLS 1961, § 421.28(c) (Stat Ann 1965 Cum Supp § 17.530[1][c]).

[2] See, currently, PA 1965, No 281. This replaces CLS 1961, § 421.29 (Stat Ann 1960 Rev § 17.531). However, the grounds for disqualification set forth in the instant case are found in different form, but similar substance in the present statute.

[3] See PA 1963, No 190, and PA 1965, No 281, amending CLS 1961, § 421.33 (Stat Ann 1965 Cum Supp § 17.535).

to the alleged contradictory positions taken by claimant, it is apparent from the record as a whole that there was sufficient evidence of her inability to work full-time during August, but that she was able to, and did, resume full-time work in September. She did not file for nor did she claim benefits after her separation in August, 1963. The claimant showed her resumption of full-time work in September, and the referee's finding affirmed by the appeal board and the circuit court reflected this showing. To quote the circuit court:

"The referee also found that the claimant sought work and did not refuse any offer of suitable, permanent, full-time employment in this period, and accordingly, the claimant must be considered eligible for benefits in said period if she otherwise qualifies."

This brings us to the second issue plaintiffs raise on appeal, *i.e.*, whether the claimant was discharged for misconduct in connection with her work.[4] Here plaintiffs rely on their own testimony to the effect that the claimant was guilty of misconduct since she refused to work on the days in question in August, but was seen elsewhere having a drink at a bar and going on a boat ride. The claimant did not deny engaging in these activities, but rather explained that she was able to partake of them although she was unable to carry trays and assume the various activities necessarily demanded of a waitress.

Statutory misconduct is, obviously, plaintiffs' defense to employee's claim, and as such, plaintiffs have the burden of establishing same. See Mr. Justice SOURIS' dissent (on other grounds) in *Miller*

---

[4] At one point in the proceedings, plaintiffs admitted discharging the claimant, and the argument that she left voluntarily is not seriously pressed on appeal.

v. *F. W. Woolworth Company* (1960), 359 Mich 342,
349. Additional precedent for determining that
plaintiffs had this burden is found in *Michigan Tool
Company* v. *Employment Security Commission*
(1956), 346 Mich 673, 679, 680:

"Employer asserts that the burden of establishing
eligibility for benefits under the act is upon claim-
ants. This broad principle is a correct general state-
ment of the law. *Cassar* v. *Employment Security
Commission*, 343 Mich 380. It is, however, subject
to certain exceptions. The facts which would prove
a slowdown were peculiarly within the knowledge
and control of employer, and under such circum-
stances the burden was upon it to produce competent
and convincing evidence that there had in fact been
a slowdown. * * *

" 'The general rule of statutory construction that
the burden of proving justification or exemption
under a special exception to the prohibitions of a
statute generally rests on one who claims its bene-
fits, requires that respondent [here the appellee]
undertake this proof.' *Federal Trade Commission*
v. *Morton Salt Co.*, 334 US 37, 44, 45 (68 S Ct 822,
92 L ed 1196, 1 ALR 2d 260)."

The evidence of the alleged misconduct consisted
of the plaintiffs' own testimony. This included state-
ments to the effect that claimant was discharged be-
cause she was seen at a bar on August 9; because
she went on a cruise on August 10; and that when
she claimed to be ill on the latter date, he considered
her to be not interested in her employment or her
employers' interests and discharged her. The rea-
sons behind her actions, relative to this testimony,
were either explained to the referee's satisfaction
by the claimant or refuted by her. On a careful
examination of the record we agree with the trial
court that the appeal board's determination is not

contrary to the great weight of the evidence. CLS 1961, § 421.38 (Stat Ann 1960 Rev § 17.540).

Affirmed, no costs, a public question being involved.

HOLBROOK and LEVIN, JJ., concurred.