ALLIED BUILDING SERVICE COMPANY v MICHIGAN
EMPLOYMENT SECURITY COMMISSION

Docket No. 78-652. Submitted May 2, 1979, at Detroit.—Decided
    November 6, 1979.

    Stanley Stachow, Jr. voluntarily terminated his employment with
    Allied Building Service Company. Stachow claimed he termi-
    nated his employment because he was afraid of being injured
    by people inhabiting the area around the office at which he was
    employed. The employer offered to reemploy Stachow in his old
    job and told him that he could use the company garage, with
    escort service to his car being provided. Stachow sought unem-
    ployment benefits under the Michigan Employment Security
    Act. Benefits were denied for a six week period because of his
    voluntary termination and benefits were denied for a further
    six week period because of his refusal to accept suitable em-
    ployment. On appeal to a Michigan Employment Security
    Commission referee, the denial of the initial six week period
    was affirmed, but the denial of the second six week period was
    reversed. The Appeal Board affirmed the referee's decision.
    Plaintiff company appealed to circuit court the order granting
    benefits for the second six week period following the claimant's
    refusal to accept the offer of employment at his prior job. The
    Wayne Circuit Court, Richard D. Dunn, J., affirmed the deci-
    sion of the Appeal Board. Plaintiff appeals. Held:

    1. Disqualification from unemployment benefits for refusal to
    accept suitable work requires a finding that the claimant was
    offered suitable work and that he refused to accept the offer of

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Unemployment Compensation § 68.
    "Availability for work," under unemployment compensation stat-
    ute, of claimant who undertakes to restrict willingness to work to
    certain hours, types of work, or conditions, not usual and custom-
    ary in the occupation, trade, or industry. 25 ALR2d 1077.
[2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.
[3-5] 76 Am Jur 2d, Unemployment Compensation §§ 68, 69.
    "Availability for work," under unemployment compensation stat-
    ute, of claimant who undertakes to restrict willingness to work to
    certain hours, types of work, or conditions, not usual and custom-
    ary in the occupation, trade, or industry. 25 ALR2d 1077.

employment without good cause. The burden is upon the employer to establish that the offered employment was suitable and that the claimant's refusal to accept the employment was without good cause. Appellate review of the findings of fact of the Michigan Employment Security Commission is limited to whether the Commission's findings are supported by sufficient, competent and material evidence after a review of the whole record.

2. The Commission's finding of fact that the claimant was not clearly and unequivocally offered suitable employment is not supported by the record. The offer of employment at the same job from which the claimant voluntarily left implies the same wages, hours and working conditions, making the offer of such employment specific in nature.

3. Since the Commission determined that the claimant's reasons for voluntary termination did not constitute good cause for quitting his job, it follows that the same reasons did not constitute good cause for refusing to accept the offer of reemployment at the same job. Having been offered suitable employment and having refused to accept that employment without good cause, the claimant should have been disqualified for unemployment benefits for the statutory period.

Reversed.

1. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION — SUITABLE EMPLOYMENT — REFUSAL TO ACCEPT EMPLOYMENT — GOOD CAUSE — BURDEN OF PROOF — STATUTES.

Disqualification from unemployment benefits under the Michigan Employment Security Act for refusal to accept suitable work requires a finding that the claimant was offered suitable work and that he refused to accept without good cause the offer of employment, with the burden of establishing the suitability of the employment and the claimant's refusal of employment without good cause being upon the employer (MCL 421.29[1][e]; MSA 17.531[1][e]).

2. APPEAL AND ERROR — UNEMPLOYMENT COMPENSATION — FINDINGS OF FACT — EVIDENCE.

Appellate review of findings of fact made by the Michigan Employment Security Commission is limited to whether the Commission's findings are supported by sufficient, competent and material evidence after a review of the whole record.

3. UNEMPLOYMENT COMPENSATION — SUITABLE EMPLOYMENT — FINDINGS OF FACT — SUFFICIENCY OF EVIDENCE.

A finding of fact by the Michigan Employment Security Commis-

sion that a claimant was not clearly and unequivocally offered suitable employment is not supported by the record where the offered employment was the job which the claimant previously held, the same wages, hours and working conditions being implicit in such an offer.

4. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION — REFUSAL TO ACCEPT EMPLOYMENT — PERSONAL REASONS — STATUTES.

Good cause to refuse suitable employment, within the meaning of the disqualification provisions of the Michigan Employment Security Act, cannot be based upon purely personal reasons (MCL 421.29[1][e]; MSA 17.531[1][e]).

5. UNEMPLOYMENT COMPENSATION — DISQUALIFICATION — REFUSAL TO ACCEPT EMPLOYMENT — GOOD CAUSE.

A claimant is disqualified from unemployment benefits where he is offered his old job and it was determined that his reasons for leaving that job did not constitute sufficient cause for quitting the job, his refusal of the reemployment accordingly being without good cause.

*Weisberg & Meisner* (by *Clifford B. Walkon)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David A. Voges,* Assistant Attorney General, for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and R. B. WEBSTER,* JJ.

PER CURIAM. Stanley Stachow, Jr., claimant in the instant case, appealed two separate Commission redeterminations which held claimant disqualified from benefits under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.;* MSA 17.501 *et seq.* The first redetermination, which occurred on November 19, 1975, held that claimant was subject to a six-week requalification period because he voluntarily separated from his employer. The second redetermination, which oc-

---

* Circuit judge, sitting on the Court of Appeal by assignment.

curred on January 14, 1976, found claimant dis-
qualified for benefits subject to another six-week
period of requalification because of his refusal to
accept suitable employment. The claimant ap-
pealed to the MESC referee.

On March 19, 1976, the referee rendered his
decision, denying claimant's first appeal but grant-
ing the claimant benefits for the second period. On
October 28, 1976, the Appeal Board affirmed the
referee's decision. The plaintiff filed an appeal
with the Wayne County Circuit Court for review of
the Board's final order insofar as it granted bene-
fits to the claimant for the second period. On
January 5, 1978, the lower court affirmed the
decision of the Appeal Board. The plaintiff is now
appealing, as of right, the lower court's affirmance
of MESC's decision to award benefits to the claim-
ant for the second period.

At the MESC hearing, claimant stated that he
had been working for the plaintiff since July, 1969.
He operated a one-man office located at the corner
of Woodward and Sproat Streets in Detroit. He
stated that he finally quit his job on October 1,
1975, because he was afraid of being hurt by the
local people. He had been threatened twice and
robbed on two other occasions by the people who
hung around the area. Although he had informed
the president of Allied, Victor Merdler, of the
severity of the situation, no steps had been taken
to ensure his safety.

About 5 days after the claimant quit, Mr. Mer-
dler called him and told him that he could use the
company garage and the company would provide
escort service to his car. Claimant was also told
that his old job was available. While claimant
declared himself to be willing and available to
work, he declined to work at his previously as-

signed work site. He expressed willingness to work anywhere else in Detroit.

Victor Merdler also testified. He stated that his business, a building service maintenance operation, had been at its present location for almost 28 years and that he did not recall the office windows ever being broken during working hours while the claimant worked there. The witness emphatically disagreed with the seriousness of the situation. As evidence of claimant's exaggeration in this regard, Mr. Merdler stated that the claimant had been replaced by an 18-year-old woman who does not appear "one bit disturbed about the neighborhood".

On November 21, 1975, the plaintiff offered the claimant his old job back on MESC Form 1555A. The offer reads as follows:

"Claimant quit this job. This job is being held open for claimant. We are anxious to have him return to work."

Mr. Merdler concurred in claimant's testimony that the company was now willing to allow claimant to park in the company garage and provide him with escort service to his car.

The claimant was informed of the offer of reemployment by MESC but refused to return to plaintiff's employ. Claimant answered the offer in writing as follows:

"I still refuse to return to this place of employment even though the employer will provide an escort to and from my car and will allow me to park my vehicle inside the building.

"I am fearful of the neighborhood."

The referee held that the plaintiff's offer of

employment was too vague to constitute a valid offer of work. He stated that the wages, hours and other working conditions must be set forth in order to constitute a bona fide offer of work. Therefore, the claimant was not disqualified from receiving benefits for the week ending November 22, 1975, since no valid offer of employment was made. The Appeal Board found this decision to be in conformity with the law and facts. The lower court also affirmed the referee's decision, without commenting upon the validity of the offer of employment, based upon the fact that the claimant was attached to the labor market and available for work, in spite of his unwillingness to work in the geographical area of his previous employment.

Disqualification under MCL 421.29(1)(e); MSA 17.531(1)(e) "depends upon two essential findings of fact: (1) that suitable work was offered; and (2) that claimant failed without good cause to accept". *Chrysler Corp v Losada,* 376 Mich 209, 213; 135 NW2d 897 (1965). The burden is upon the employer to show that an offer of suitable work was made and that the employee failed, without good cause, to accept. *Lyscas v Chrysler Corp,* 76 Mich App 55, 60; 255 NW2d 767 (1977).

Plaintiff argues on appeal that during the week ending November 22, 1975, a bona fide offer of employment was made to the claimant. The referee held to the contrary.

Appellate review of factual decisions rendered by MESC is limited to a determination of whether the findings are supported by sufficient, competent and material evidence on the whole record. *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974). We hold that the Commission's finding that the plaintiff did not make a clear and une-

quivocal offer of employment to the claimant is not supported by the record. It is obvious that the plaintiff was not just offering any job to the claimant, but rather, it was offering the same job as claimant previously held. The same job logically implies the same wages, hours and working conditions as previously existed. Furthermore, the claimant was aware of the fact that the plaintiff was willing to implement safety measures to ensure claimant's well-being. This is evidenced by the claimant's statement that even if parking and escort service is provided, he would not return to work.

Having found that a valid offer of work had been made to the claimant, it is now necessary to decide whether the claimant refused the job for good cause. MCL 421.29(1)(e); MSA 17.531(1)(e). Although the referee did not decide this issue, it is assumed that the referee would have found the refusal to accept the job to be without good cause, since the referee found the initial refusal to work based upon personal safety concerns not to constitute good cause.

Good cause to refuse work cannot be based upon purely personal reasons, since the underlying policy of the employment security act is to provide benefits for persons unemployed through no fault of their own. *Losada v Chrysler Corp,* 24 Mich App 656; 180 NW2d 844 (1970), *lv den* 383 Mich 827 (1970). In *Keith v Chrysler Corp,* 390 Mich 458; 213 NW2d 147 (1973), an evenly divided Court, citing *Losada,* affirmed an Appeal Board's disqualification of plaintiff from benefits for refusing to accept a job offer from the defendant. The plaintiff refused the offer because acceptance would have precluded his return to his old job at another of the defendant's plants, where he had worked for several years prior to his layoff.

In his opinion for reversal, Justice WILLIAMS, joined by Chief Justice T. M. KAVANAGH and Justice T. G. KAVANAGH, adopted the standard set forth by Justice (then Judge) LEVIN's dissent in the Court of Appeals. *Keith v Chrysler Corp,* 41 Mich App 708, 714; 200 NW2d 764 (1972). In that dissenting opinion Justice LEVIN criticized the Court's reasoning in *Losada* and cited with approval the following language from *In re Watson,* 273 NC 629; 161 SE2d 1 (1968):

"In the light of the legislative declaration of policy contained in the Employment Security Act, we conclude that an employee, having been separated from his job through no fault of his own, rejects other tendered employment for 'good cause' when his reason for such rejection would be deemed by reasonable men and women valid and not indicative of an unwillingness to work."

Thus, a significant minority of the Supreme Court has spoken in favor of a test in determining good cause, as opposed to the "personal reasons" test of *Losada.* We are bound by the decision for affirmance in *Keith* until it is changed by the higher court. *Dueweke v Morang Drive Greenhouses, Inc,* 91 Mich App 27; 282 NW2d 823 (1979).

Under either test, we find that the claimant did not have good cause for refusing plaintiff's offer of reemployment. The referee found that the claimant was aware of plaintiff's offer to provide security protection for his car and himself. Yet, claimant still refused to work for fear of the neighborhood. This fear was found to be insufficient cause for his quitting the job in the first place and does not constitute good cause for refusing the offer of reemployment, especially in light of the employer's offer to provide more security.

Accordingly, we hold that plaintiff refused without good cause an offer of suitable work and thereby is disqualified for six weeks of unemployment benefits beginning with the week ending November 22, 1975. The lower court's opinion affirming the award of benefits during this period is reversed.