## COOPER v UNIVERSITY OF MICHIGAN

Docket No. 44527. Submitted May 6, 1980, at Lansing.—Decided September 15, 1980.

Margaret Cooper was employed by the University of Michigan as a clerical worker. She complained to her supervisors about not having enough to do and discussed a transfer with the personnel department. No transfer was forthcoming. There was also a discussion about taking over some duties of the accountant, but, upon learning that this work would require only a few hours a month and would leave the accountant short of work to do, Cooper tendered her resignation. She claimed unemployment benefits which the Employment Security Commission denied. On appeal, the commission's ruling was affirmed, first by a referee and then the Employment Security Board of Review. The Washtenaw Circuit Court, Ross W. Campbell, J., affirmed. Claimant appeals. *Held:*

The claimant voluntarily left work without good cause attributable to her employer and is disqualified for benefits.

Affirmed.

T. GILLESPIE, J., concurred, finding that "good personal reasons" for leaving employment do not legally constitute "good cause" under the statute in light of the statute's policy declarations.

### OPINION OF THE COURT

1. UNEMPLOYMENT COMPENSATION — QUESTIONS OF LAW — GOOD CAUSE — STATUTES.

   The question of whether or not the motivation for an employee's terminating his employment constitutes "good cause attributable to the employer or employing unit" for unemployment benefit purposes is a question of law where the facts are undisputed (MCL 421.29[1]; MSA 17.531[1]).

2. UNEMPLOYMENT COMPENSATION — GOOD CAUSE — STATUTES.

   An employee who left her employment because of discontent with

REFERENCE FOR POINTS IN HEADNOTES

[1-3] 76 Am Jur 2d, Unemployment Compensation § 59.

a lack of work is ineligible to receive unemployment benefits, since the reason for leaving does not constitute "good cause attributable to the employer" (MCL 421.29[1]; MSA 17.531[1]).

CONCURRENCE BY T. GILLESPIE, J.

3. Uɴᴇᴍᴘʟᴏʏᴍᴇɴᴛ Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Gᴏᴏᴅ Cᴀᴜsᴇ — Sᴛᴀᴛᴜᴛᴇs.
    *"Good personal reasons" for leaving one's employment do not equate with "good cause" entitling an employee to unemployment compensation (MCL 421.29[1]; MSA 17.531[1]).*

Legal Services of Southeastern Michigan, Inc. (by *Michael Leonard*), for Margaret Cooper.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. J. Setlock,* Assistant Attorney General, for the Employment Security Commission.

*William P. Lemmer,* Office of General Counsel, for the University of Michigan.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

M. J. KELLY, J. On April 14, 1976, plaintiff, Margaret Cooper, filed a claim against her former employer, the University of Michigan, for unemployment benefits. On May 12, 1976, the Michigan Employment Security Commission (MESC) made a determination that the plaintiff was not entitled to unemployment benefits. On June 23, 1976, MESC made a redetermination pursuant to plaintiff's request and affirmed the denial of unemployment benefits to the plaintiff. Plaintiff filed an appeal from this redetermination. On January 17, 1977, a hearing was held before MESC Referee Raymond K. Sewell, Jr. Referee Sewell affirmed the MESC redetermination. Plaintiff again appealed. On June

---

* Circuit judge, sitting on the Court of Appeals by assignment.

7, 1978, the Michigan Employment Security Board of Review affirmed the referee's decision. Plaintiff again appealed. On May 16, 1979, Washtenaw County Circuit Court Judge Ross W. Campbell issued an opinion affirming the Michigan Employment Security Board of Review's decision. Plaintiff appeals to this Court as of right.

The facts in the present case are undisputed. Plaintiff began work for the defendant on February 24, 1975. In August of 1975, the plaintiff began work in the accounting department as a clerical worker. Plaintiff's duties required taking care of the incoming cash receipts, balancing and filing. In January of 1976, plaintiff told her immediate supervisor that she did not have enough work to do and that she had too much spare time in the afternoon. In March of 1976, plaintiff discussed her dissatisfaction with a woman in the personnel department, who advised her that she could attempt to transfer to another job. Plaintiff attempted to effect such transfer but was unsuccessful due to lack of seniority.

Plaintiff then told Elex Makarewich, the supervisor over her immediate supervisor, of her discontent with the lack of work. Plaintiff also tendered a resignation at this time. Makarewich told plaintiff that she could occasionally do some work for the accountants in the department clearing erroneous accounts. Plaintiff then withdrew her resignation in order to consider the supervisor's proposal. After talking with an accountant, plaintiff learned that clearing the erroneous accounts would take only a few hours a month and that if she did this work, the accountants would not have enough to do. Plaintiff subsequently tendered her resignation on April 9, 1976.

On April 14, 1976, plaintiff filed her claim for

unemployment benefits. This claim was denied throughout the appeals process based upon a finding that the plaintiff voluntarily left her work without good cause attributable to the employer.

MCL 421.29(1); MSA 17.531(1) provides in part:

"An individual shall be disqualified for benefits in all cases in which he:

"(a) Has left work voluntarily without good cause attributable to the employer or employing unit."

Three issues related to the above statute are raised on appeal: (1) whether the burden of proof relevant to the above standard falls upon the claimant or employer, (2) whether an employee's dissatisfaction with the amount of work assigned constitutes good cause, and (3) whether this determination as to the existence of good cause is a question of law or fact.

It is defendants' position that the burden of proving eligibility for benefits rests with the claimant. *Dwyer v Unemployment Compensation Comm,* 321 Mich 178, 187; 32 NW2d 434 (1948), *Clapp v Unemployment Compensation Comm,* 325 Mich 212, 221; 38 NW2d 325 (1949). In the absence of Michigan precedent pertinent to the more specific question raised here, defendants cite cases from foreign jurisdictions which hold that when an employee voluntarily leaves employment the burden is on him to show good cause for doing so. *E.g., Szojka v Unemployment Compensation Board of Review,* 187 Pa Super 643; 146 A2d 81 (1958). Plaintiff relies on those cases which hold that the employer bears the burden of proof in a disqualification situation. *Smith v Employment Security Comm,* 89 Mich App 212, 216; 280 NW2d 489 (1979), *lv gtd* 406 Mich 1006 (1979), *Lasher v Mueller Brass Co,* 62 Mich App 171, 175; 233

NW2d 513 (1975), *Fresta v Miller,* 7 Mich App 58, 63-64; 151 NW2d 181 (1967).

While we are clearly presented with a disqualification question, we disagree with plaintiff's position that the employer bears the burden of proof in *all* cases involving an employee's disqualification for unemployment benefits. Those cases on which plaintiff relies do not turn on the "good cause" conduct of the claimant; rather, they impose the burden of proof on the employer in the following instances. One: When the employee is to be disqualified for benefits due to the employer's discharge for misconduct, *Fresta, supra.* See MCL 421.29(1)(b); MSA 17.531(1)(b). Two: When the employee is to be disqualified for failure to accept "suitable" work offered by the employer, *Lasher, supra.*[1] See MCL 421.29(1)(e); MSA 17.531(1)(e). Three: When an employee is to be disqualified because his unemployment is due to a labor dispute in progress, *Smith, supra.* See MCL 421.29(8); MSA 17.531(8).

In each situation the conduct, knowledge, reasoning, and control of the employer is critical in order to determine whether disqualification is justified. However, potential disqualification, for benefits under MCL 421.29(1)(a); MSA 17.531(1)(a), as here, requires inquiry into whether *plaintiff's* behavior in terminating employment was voluntary and *plaintiff's* reasons for doing so, the answers to these questions being within the exclusive knowledge of the claimant. Plaintiff herein left work because she was dissatisfied with the amount of work assigned to her. In light of the undisputed facts attending the plaintiff's cause, whether this

---

[1] The Court did not address the question of the claimant's good cause in rejecting employment since that determination is subsequent to the decision regarding the employer's offer of work that is "suitable".

motivation constitutes "good cause attributable to the employer or employing unit" is a question of law. *Thomas v Employment Security Comm,* 356 Mich 665, 668; 97 NW2d 784 (1959).

Cases decided in both Pennsylvania and New York, which have similar statutory schemes, provide some guidance as to whether voluntary termination of employment due to an employee's determination of insufficient quantity of work should be considered within the purview of "good cause".

In *Sabloff v Unemployment Compensation Board of Review,* 194 Pa Super 63; 166 A2d 95 (1960), a planning official voluntarily left his employment because he was not doing the type of work for which he had been employed and because he believed his general inactivity to be a waste of government funds. The Pennsylvania Court ruled that the plaintiff was disqualified from receiving unemployment benefits.

In *Welker v Unemployment Compensation Board of Review,* 180 Pa Super 534; 119 A2d 658 (1956), the claimant was a laboratory technician who voluntarily left her employment because there was not enough specialized laboratory analysis work to occupy her full time. The claimant decided to resign rather than do general laboratory work. The *Welker* Court also ruled that the plaintiff was not entitled to unemployment benefits.

In *Albright v Unemployment Compensation Board of Review,* 176 Pa Super 290; 106 A2d 879 (1954), a bookkeeper quit his job because he did not have enough to do. The court held that the plaintiff was not entitled to unemployment benefits.

The language of the Pennsylvania and Michigan statutes differs in that the former legislation pro-

vides that a person is ineligible for compensation if "his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature". 43 Pa Stat Ann 802(b)(1). However, as *Albright, supra,* indicates, the above criteria is the equivalent of "good cause".

Plaintiff's attempt to distinguish the above cases and *Eisenberg v Catherwood,* 29 App Div 1019; 289 NYS2d 498 (1968), on the ground that plaintiffs therein did not specifically request additional work is not persuasive since the argument fails to substantively bolster her stance that lack of work equals good cause. Furthermore, plaintiff's reliance on *Kovach v Employment Division,* 35 Or App 609; 582 P2d 460 (1978), *Industrial Comm of Colorado v McIntyre,* 162 Colo 229; 425 P2d 279 (1967), and *Clay v Crooks Industries,* 96 Idaho 78; 529 P2d 774 (1974), is misplaced because, as plaintiff concedes, they do not deal with an employee who has voluntarily left work for the reason offered here.

Plaintiff also directs our attention to a Wayne County Circuit Court decision, *John Johnson Co v Unemployment Compensation Comm,* (Docket No. 231,402, November 19, 1943), which not only lacks precedential value but is also factually distinguishable from the present case since the plaintiff in *Johnson* left a part-time job to seek full-time employment.

Finally, we summarily reject plaintiff's argument that she was subjected to a disguised lay-off when, despite the unavailability of sufficient tasks to keep her totally occupied, defendant continued to employ her at full-time hours and pay.

We conclude that plaintiff voluntarily[2] left work without good cause attributable to her employer and is therefore disqualified for benefits.

[2] The voluntariness of plaintiff's conduct is not at issue here.

Affirmed.

Cynar, P.J., concurred.

T. Gillespie, J. *(concurring)*. I concur in the result arrived at by the majority in this case, but I arrive at that result by a slightly different route.

First, the Declaration of Policy section in the Employment Security Act of the State of Michigan, MCL 421.2; MSA 17.502, provides that the act was enacted "for the benefit of persons unemployed *through no fault of their own*". Emphasis added.

The reason for not finding in favor of the plaintiff is succinctly stated by Judge Allen in *Dueweke v Morang Drive Greenhouses, Inc,* 91 Mich App 27, 39-40; 282 NW2d 823 (1979):

> "The issue raised is a question of law. Do such reasons constitute 'good cause' for refusal to work as that term is used in the statute? That question is answered in *Losada v Chrysler Corp,* 24 Mich App 656, 660; 180 NW2d 844 (1970), *lv den* 383 Mich 827 (1970), which held that personal reasons were not good cause under the statute. That decision was followed in a split decision in *Keith v Chrysler Corp,* 41 Mich App 708; 200 NW2d 764 (1972), affirmed *by an equally divided Court* 390 Mich 458; 213 NW2d 147 (1973). While the split in the Supreme Court decision casts doubt on the vitality of the *Losada* ruling, we are bound by the decision until it is changed by the higher Court. See *Lasher v Mueller Brass Co,* 62 Mich App 171; 233 NW2d 513 (1975)." (Emphasis added.)

This decision was followed by another panel of this Court in *Allied Building Service Co v Michigan Employment Security Comm,* 93 Mich App 500; 286 NW2d 895 (1979).

It is recognized that the above cases refer to

"good cause" under MCL 421.29(1)(e); MSA 17.531(1)(e) and this case is being considered under MCL 421.29(1)(a); MSA 17.531(1)(a). However, in light of the Declaration of Policy mentioned above, a cause not attributable to the employer would be applicable wherever the term is used.

Under current law "good personal reasons" do not equate with "good cause" under either section.

The plaintiff, Margaret Cooper, displayed an unusual determination and desire to utilize her best efforts in her employer's interests and being thwarted in her efforts she resigned. This is commendable and it seems unjust that she should be denied unemployment benefits.

It is not proper, however, for the courts to amend or broaden the statute by reading in provisions not included by the Legislature. *Alexander v Employment Security Comm,* 4 Mich App 378, 383; 144 NW2d 850 (1966).

Courts have no authority to pass upon the wisdom, policy or equity of the legislation. *Wojewoda v Employment Security Comm,* 357 Mich 374, 379; 98 NW2d 590 (1959).

In spite of the commendable industry of the plaintiff, neither the current statutes nor case law support her claim.