VETERANS THRIFT STORES, INC v KRAUSE

Docket No. 82872. Submitted July 3, 1985, at Detroit.—Decided October 8, 1985.

Jayne A. Krause was discharged from her employment with Veterans Thrift Stores, Inc., because of excessive absenteeism. She applied for unemployment compensation benefits and was found by the Michigan Employment Security Commission Board of Review to be entitled to benefits. Veteran's Thrift Stores appealed to the Wayne Circuit Court, and that court, Clarice Jobes, J., affirmed the finding that the employer had not met the burden of proving that Krause had been discharged for misconduct, thereby disqualifying her from receiving benefits. The employer appealed, alleging that the burden of proof should have been placed upon Krause to show that her absences were in fact occasioned by illness. *Held:*

Generally, the burden is on an employer to show that an employee was discharged for misconduct. However, in a case such as this in which the relevant facts are entirely in the hands of the former employee and cannot be discovered by the employer, the burden should be on the employee to provide a legitimate explanation for the absences once the employer has raised the issue by submitting proof of a number of absences which, if unsupported by sufficient reasons, are so excessive as to constitute misconduct. The burden should have been placed on the employee.

Reversed and remanded to the MESC.

UNEMPLOYMENT COMPENSATION — MISCONDUCT — EXCESSIVE ABSENTEEISM — BURDEN OF PROOF.

The burden of proof, in a case wherein it is claimed by an employer that a person's employment has been terminated because of a number of absences which, if unsupported by sufficient reasons, are so excessive as to constitute misconduct within the meaning of the unemployment compensation stat-

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Unemployment Compensation §§ 52-58.

Discharge for absenteeism or tardiness as affecting right to unemployment compensation. 58 ALR3d 674.

utes thereby disqualifying the employee from benefits, is on the former employee to provide a legitimate explanation for the absences since the relevant facts in such a case are entirely within the knowledge of the employee (MCL 421.29[1][b]; MSA 17.531[1][b]).

*Prather & Harrington, P.C.* (by *James J. Harrington, III),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gunther C. Schwarze,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLEY, JJ.

PER CURIAM. Veterans Thrift Stores, Inc. appeals from an order of the circuit court dated January 8, 1985, affirming the decision of the Michigan Employment Security Commission Board of Review, pursuant to which appellee Jayne A. Krause was found to be entitled to unemployment benefits. The appeal is as of right.

On March 3, 1983, Krause was terminated from her employment with Veterans Thrift Stores, Inc., due to excessive absenteeism. During the period beginning November 15, 1982, and ending March 2, 1983, Krause logged six absences due to personal illness and one related to the illness of a relative. Other than one "disability certificate" which contained no information regarding a particular day lost due to illness nor any medical diagnosis, Krause failed to submit documentation supporting the claimed illnesses.

On appeal, appellant argues that the MESC Board of Review erred in failing to find appellee disqualified for unemployment benefits due to misconduct, pursuant to MCL 421.29(1)(b); MSA

17.531(1)(b). Appellant does not dispute that excessive absenteeism due to illness is not "misconduct", as contemplated by section 29(1)(b). Rather, it is argued that the lower court should have placed upon Krause the burden of proving that the absences were in fact occasioned by illness. We agree.

In *Cooper v University of Michigan,* 100 Mich App 99; 298 NW2d 677 (1980), this Court, in considering the burden of proof issue, stated that when the employee is to be disqualified for unemployment benefits due to the employer's discharge for misconduct, the burden of proof falls upon the employer. This conclusion was justified on the ground that a discharge for misconduct involves a situation where "the conduct, knowledge, reasoning, and control of the employer is critical in order to determine whether disqualification is justified". 100 Mich App 103. We agree that this observation is generally accurate. However, under the situation presented herein, the proposition does not hold true. Rather, the relevant facts are entirely in the hands of the former employee and, for all practical purposes, cannot be discovered by the employer. Thus, using the logic espoused in *Cooper,* we decline to hold that the burden of proof should be placed upon the appellant herein, the party least capable of shedding any light upon the issue presented by these facts. Therefore, once the employer raises the issue of disqualification for misconduct under section 29(1)(b) and submits evidence of a number of absences which, if unsupported by sufficient reasons, are so excessive as to constitute misconduct within the contemplation of this section, then the burden is upon the claimant to provide a legitimate explanation for the absences.

In so holding, we do not mean to say that the

party seeking benefits must submit medical documentation to establish that the absences were caused by illness. Rather, the question is to be decided upon all the facts and circumstances, and will most often turn upon the credibility of the claimant. For example, should the facts of a particular case reveal a long-term pattern of Monday absences for which no explanation is offered, the claimant's credibility, for obvious reasons, would presumably be called into question. Such a determination, however, is left to the trier of fact, *i.e.,* the MESC referee initially and the Board of Review on appeal from the referee's decision..

In placing the burden of proof upon the claimant under the facts presented in this case, we are not unmindful of the trend to construe narrowly the disqualification provisions of section 29, *Smith v Employment Security Comm,* 89 Mich App 212, 216; 280 NW2d 489 (1979), *rev'd on other grounds* 410 Mich 231; 301 NW2d 285 (1981), and of the remedial purpose of the act to provide temporary assistance to workers who become unemployed through no fault of their own. MCL 421.2; MSA 17.502. The key question in this case, however, is whether the claimant's unemployment truly resulted through no fault of her own. That question can only be answered by placing the burden of proof upon her. The order of the circuit court is therefore reversed and the case remanded to the MESC for proceedings not inconsistent with this opinion.[1]

Reversed and remanded.

---

[1] In resolving this case, we have not been unmindful of the fact that at the hearing conducted September 20, 1983, Krause's supervisor testified that she would have been terminated even if she had proven to his satisfaction that the absences were caused by legitimate illnesses. Nonetheless, how the supervisor may have reacted under a different set of circumstances is not relevant to the question of Krause's entitlement to unemployment benefits. Rather, the issue to be resolved by the MESC is whether Krause was fired for "conduct

evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee." *Carter v Employment Security Comm,* 364 Mich 538, 541; 111 NW2d 817 (1961). The frequent and unexcused failure to report to work over a relatively short period of time may quite possibly constitute "misconduct" as contemplated under the act. As noted above, however, such a determination is properly left to the Michigan Employment Security Commission.