CARSWELL v SHARE HOUSE, INC

Docket No. 81547. Submitted October 15, 1985, at Lansing. Decided
May 5, 1986.

Elizabeth Carswell was an employee of Share House, Inc. She
informed her employer that she intended to search for other
employment. Her employer gave her a letter accepting her
"offer to voluntarily quit" and gave her two weeks more to
work. At that time Carswell resigned effective immediately.
She applied for unemployment compensation which was denied
by the Employment Security Commission on the ground that,
as a matter of law, she voluntarily left her employment with-
out good cause attributable to her employer. Claimant appealed
to the Washtenaw Circuit Court, which affirmed, William F.
Ager, Jr., J. Claimant appealed. *Held:*

1. Claimant's leaving was voluntary.

2. Whether or not a notice of termination constitutes good
cause for voluntarily leaving employment so as not to disqual-
ify the employee from receiving unemployment compensation is
a question of fact for the trier of fact. The Employment Secu-
rity Commission erred in holding that there was no good cause
as a matter of law.

Remanded with instructions.

1. UNEMPLOYMENT COMPENSATION — APPEAL.

The reviewing court should reverse a decision of the Michigan
Employment Security Commission only if the decision of the
commission is contrary to law or if it is not supported by
competent, material and substantial evidence on the whole
record (MCL 421.38; MSA 17.540).

2. UNEMPLOYMENT COMPENSATION — VOLUNTARY LEAVING.

An employee who, having an opportunity to work out a two week

REFERENCES
Am Jur 2d, Unemployment Compensation §§ 59-67.
Unemployment compensation—harassment or other mistreatment
by co-worker as "good cause" justifying abandonment of employ-
ment. 40 ALR4th 304.
See also the annotations in the ALR3d/4th Quick Index under
Unemployment Compensation.

notice, tenders a resignation effective immediately has voluntarily terminated employment.

3. UNEMPLOYMENT COMPENSATION — VOLUNTARY LEAVING — GOOD
   CAUSE.
   Employees who leave employment voluntarily are disqualified from receiving unemployment benefits unless they left with good cause attributable to the employer; good cause means a good reason, a substantial reason, a reason which would cause reasonable, average and otherwise qualified workers to give up their employment (MCL 421.29, subds [1][a], [1][e]; MSA 17.531, subds [1][a], [1][e]).

4. UNEMPLOYMENT COMPENSATION — VOLUNTARY LEAVING — GOOD
   CAUSE — NOTICE OF TERMINATION.
   Whether or not a notice of termination constitutes good cause for voluntarily leaving employment so as not to disqualify the employee from receiving unemployment compensation is a question of fact for the trier of fact (MCL 721.29[1][a]; MSA 17.531[1][a]).

5. UNEMPLOYMENT COMPENSATION — VOLUNTARY LEAVING — BURDEN
   OF PROOF.
   A person claiming unemployment benefits who voluntarily left employment has the burden of proving that the voluntary leaving was justified (MCL 421.29[1][a]; MSA 17.531[1][a]).

*Legal Services of Southeastern Michigan* (by *D. Reingold*), for Elizabeth Carswell.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patricia L. Sherrod,* Assistant Attorney General, for the Employment Security Commission.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. NOECKER,* JJ.

J. NOECKER, J. Claimant appeals as of right from an order of the Washtenaw Circuit Court denying her unemployment compensation benefits.

Claimant worked as a secretary for respondent

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Share House, Inc. On several occasions she expressed dissatisfaction with her wages. She was informed that due to budgetary restrictions she would not be given a wage increase. On or about April 18, 1983, she again expressed her dissatisfaction with her wages and informed her employer that she intended to search for another job. On the morning of April 22, 1983, her superior, Norman Lawson, gave her a letter stating, "I have decided to accept your offer to voluntarily quit . . . ." The letter went on to say that Lawson would be interviewing applicants for her position until May 6, 1983, and that he intended to start her replacement on May 9, 1983. On the same day, April 22, 1983, claimant delivered a letter to Lawson stating that she was resigning her position effective immediately, that two weeks notice was "impossible."

Claimant's application for unemployment compensation was denied by the MESC on the ground that she voluntarily left her employment without good cause attributable to her employer. MCL 421.29(1)(a); MSA 17.531(1)(a). At the hearing before the referee, claimant testified she would not have left her employment but for the notice of termination; she would not have left until she found other employment. The referee found that claimant's failure to work "for the period of the two-week notice" constituted a voluntary leaving and affirmed. The decision of the MESC and referee were affirmed by the Board of Review and the Washtenaw Circuit Court.

MCL 421.29(1)(a); MSA 17.531(1)(a) provides:

An individual shall be disqualified for benefits in the following cases in which the individual:
(a) Left work voluntarily without good cause attributable to the employer or employing unit.

A reviewing court may reverse decisions of the

MESC only if the MESC decision is contrary to law or if it is not supported by competent, material and substantial evidence on the whole record. MCL 421.38; MSA 17.540; *Butler v City of Newaygo,* 115 Mich App 445, 448; 320 NW2d 401 (1982).

First, claimant claims that she is entitled to a remand to the circuit court because the court erred in failing to adopt the referee's findings of fact, since those findings were supported by competent, material and substantial evidence. The factual basis for the court's judgment of affirmance is unclear. However, a remand to the court is not necessary. If the court reached the right result, we will not disturb the result attained even though other reasons should have been assigned. See *Queen Ins Co v Hammond,* 374 Mich 655, 658-659; 132 NW2d 792 (1965).

Claimant next claims that the referee's conclusion that she voluntarily left her employment is contrary to law. Specifically, she claims that, because it was the employer who initiated the termination, her separation from the job was involuntary, even though she could have worked for a few more days. Our review necessarily requires that we resolve two issues: (1) whether she left voluntarily; and (2) whether she left without good cause attributable to her employer.

Under existing precedent, we find that there is little doubt that claimant left her employment voluntarily. Although she had an opportunity to continue her employment for two weeks, she tendered her resignation effective immediately. She was not under any legal, economic, or physical compulsion to leave her job, nor is there any evidence in the lower court record indicating that she did so unintentionally. See, *e.g., Wickey v Employment Security Comm,* 369 Mich 487; 120

NW2d 181 (1963); *Copper Range Co v Unemployment Compensation Comm,* 320 Mich 460; 31 NW2d 692 (1948).

MCL 421.29(1)(a); MSA 17.531(1)(a) states unambiguously that persons leaving voluntarily, unless they leave with good cause attributable to the employer, are disqualified from receiving benefits. The real question presented to us is whether claimant's leaving of her job was "without good cause attributable to the employer." The latter is a matter of first impression in this state.

"Good cause" as used in MCL 421.29(1)(a); MSA 17.531(1)(a), has not been defined. However, in the context of MCL 421.29(1)(e); MSA 17.531(1)(e), which provides for disqualification for refusing to accept proffered employment without good cause, "good cause" has been defined as nothing more than a good reason, a substantial reason; a cause personal to the employee can be "good cause" when it would be deemed by reasonable men valid and not indicative of an unwillingness to work. *Dueweke v Morang Drive Greenhouses, Inc,* 411 Mich 670, 678-679; 311 NW2d 712 (1981). We note that that definition is the one generally used nationwide for statutes denying benefits for voluntary leaving without good cause attributable to an employer. See Anno: *Unemployment compensation: harassment or other mistreatment by employer or supervisor as "good cause" justifying abandonment of employment,* 76 ALR3d 1089, and cases cited therein.

We find that the "reasonable man" standard properly effectuates the legislative intention behind MCL 421.29(1)(a); MSA 17.531(1)(a). Under that standard, "good cause" compelling an employee to terminate his employment should be found where an employer's actions would cause a

reasonable, average, and otherwise qualified worker to give up his or her employment.

In the instant case, claimant testified that she would not have left but for the notice of termination. Relying on this testimony, the referee held, as a matter of law, that claimant had failed to show good cause attributable to the employer. We decline to hold, as a matter of law, that a notice of termination does or does not constitute good cause attributable to the employer. The notice of termination and events precipitating the termination can constitute "good cause." Each case must be evaluated on the facts presented.

The referee's opinion precludes judicial review of this issue at this time because no determination was made as to whether real or substantial circumstances existed which motivated claimant to give up her employment with good cause attributable to her employer. Claimant testified that she left her employment on April 22 "because of all the circumstances surrounding the whole termination. There was too much stress for me to stay that two weeks." We cannot say that a notice of termination "accept[ing]" an offer to "voluntarily quit" which claimant allegedly never tendered cannot constitute good cause. This is properly left to the finder of fact.

The referee properly held that claimant has the burden of proving that her voluntary leaving was justified. *Cooper v University of Michigan,* 100 Mich App 99; 298 NW2d 677 (1980). We remand to the MESC to evaluate claimant's testimony concerning her reasons for leaving her employment to determine whether these reasons would be deemed valid by reasonable men and women and not indicative of an unwillingness to work. We note that respondent Share House never presented its proofs below; the referee stated his belief that no

such proofs were required. Respondent Share House shall be allowed an opportunity to present evidence of the circumstances surrounding claimant's voluntary leaving on remand.

Therefore, this matter is remanded to the MESC for further fact-finding on the issue of whether claimant's termination of employment was with good cause attributable to her employer. We do not retain jurisdiction.